DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
 {¶ 1} Appellant, Gregory A. Roach, appeals from the judgment of the Summit County Court of Common Pleas dismissing his petition for discovery. This Court dismisses the appeal as moot.
 I. {¶ 2} Appellant was one of two plaintiffs in a products liability action previously brought against Para-Chem. In that action, Appellant alleged that Para-Chem had failed to warn consumers of the dangers related to the use of its carpet adhesive. To support his claim, Appellant introduced evidence that a competitor of Para-Chem, W.W. Henry Company, manufactured an identical product and always placed conspicuous warning labels on the lids of its product.
 {¶ 3} Appellant now alleges that Para-Chem attempted to introduce fabricated or altered evidence at his trial. Specifically, Para-Chem allegedly attempted to introduce a container manufactured by W.W. Henry which contained no warning labels on its white lid. While the container was shown to the jury, it was ultimately excluded as evidence at the trial. Subsequent to trial, Appellant alleged that he learned that W.W. Henry never used a white lid on its product, and that it placed warnings on the lids of all of its products. Appellant, therefore, alleged that Para-Chem and its attorneys had perpetrated a fraud on the court and had committed the tort of spoliation of evidence.
 {¶ 4} Appellees, Warren Woodworth and A-1 Midwest Enterprises, Inc., challenged Appellant's petition for discovery, moving that it be dismissed. Ultimately, the trial court dismissed Appellant's petition on July 21, 2003. Appellant timely appealed, raising two assignments of error for our review.
 II. ASSIGNMENT OF ERROR I
"The trial court erred in finding that petitioner-appellant Gregory A. Roach had no independent cause of action for fraud, destruction, alteration and/or spoliation of evidence because such evidence was not admitted during the underlying trial."
 ASSIGNMENT OF ERROR II
"The trial court erred in dismissing the amended Discovery petition filed by petitioner-appellant Gregory A. Roach pursuant to Civ.R. 12(B)(6)."
 {¶ 5} In both his assignments of error, Appellant argues that the trial court erred in dismissing his petition for discovery. This Court finds the appeal to be moot and declines to address Appellant's assignments of error.
 {¶ 6} "[A]n event that causes a case to be moot may be proved by extrinsic evidence outside the record." Pewitt v. Lorain CorrectionalInst. (1992), 64 Ohio St.3d 470, 472. In the instant matter, both counsel for Appellant and Appellees have acknowledged that Appellant has filed a civil action in Summit County Common Pleas court subsequent to the dismissal of his pre-filing petition for discovery. As such, Appellant may now obtain standard post-filing discovery under the civil rules. Accordingly, his claim for pre-filing discovery is rendered moot.
 {¶ 7} While Appellant concedes that this matter is moot, he urges this Court to vacate the trial court's order. Appellant argues that the trial court's dismissal of his petition may be improperly utilized through the doctrine of res judicata as a bar to his civil suit. While the dismissal of his petition is not a final judgment on the merits, this appeal is not the proper forum to litigate the possible future impact of that dismissal. Further, there exists no legal authority for this Court to vacate the trial court order in question. Any opinion from this Court on its impact on future litigation would be solely advisory and we decline to provide one.
 III. {¶ 8} Appellant's assignments of error are moot and we decline to address them. The appeal is dismissed.
Appeal dismissed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J., Batchelder, J. concur.