[Cite as *Dattilio v. Brittingham*, 2012-Ohio-2889.]

STATE OF OHIO            )          IN THE COURT OF APPEALS
                         )ss:       NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT         )

TERRY J. DATTILIO                    C.A. No.      26101

    Appellant

    v.                               APPEAL FROM JUDGMENT
                                     ENTERED IN THE
CORTNEY M. BRITTINGHAM               COURT OF COMMON PLEAS
                                     COUNTY OF SUMMIT, OHIO
    Appellee                         CASE No.      2009-07-2112

DECISION AND JOURNAL ENTRY

Dated: June 27, 2012

MOORE, Presiding Judge.

{¶1}   Appellant, Terry J. Dattilio, appeals from the judgment of the Summit County Court of Common Pleas, Division of Domestic Relations.  This Court dismisses the appeal.

I.

{¶2}   In 2006, Terry J. Dattilio and Cortney M. Brittingham resided together in Ohio. In October of that year, Brittingham told Dattilio that she was pregnant with their child, and, shortly thereafter, she moved to New Jersey.  The parties' child was born on July 4, 2007.  That month, Dattilio filed a paternity action in New Jersey.  The New Jersey court determined paternity and implemented a custody arrangement.  At the end of 2008, Brittingham sought approval from the New Jersey court to relocate with the child to Georgia, and Brittingham moved to Georgia, leaving the child with her parents in New Jersey to await Dattilio's arrival to pick up the child for an agreed period of parenting time.  Dattilio returned the child to Brittingham's care in Georgia on January 11, 2009.  On January 13, 2009, the New Jersey court

issued an order allowing Brittingham to relocate with the child to Georgia and increasing Dattilio's parenting time to fourteen overnight visits per month.

{¶3} On July 10, 2009, Dattilio filed a petition in the Summit County Court of Common Pleas, Division of Domestic Relations, asking the court to register and terminate the shared parenting order issued by the New Jersey court. Brittingham filed a motion to dismiss Dattilio's petition, arguing that Ohio courts did not have subject matter jurisdiction over the custody and visitation issues. While this issue was pending in Ohio, Brittingham filed a petition for modification of child support and visitation in Georgia. On August 16, 2011, the Ohio court dismissed Dattilio's petition, reasoning that Ohio lacked jurisdiction to modify or enforce the New Jersey custody order. Dattilio timely filed an appeal from the August 16, 2011 order, raising four assignments of error. Dattilio subsequently withdrew his fourth assignment of error, leaving three assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED AS A MATTER OF LAW IN HOLDING THAT THE PETITION TO REGISTER FOREIGN DECREE WAS FATALLY DEFECTIVE.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT ERRED AS A MATTER OF LAW IN HOLDING THAT REGISTRATION OF A FOREIGN CUSTODY DECREE IS A PREREQUISITE TO MODIFICATION OF THE DECREE.

**ASSIGNMENT OF ERROR III**

THE TRIAL COURT ERRED AS A MATTER OF LAW IN HOLDING THAT OHIO WAS NOT THE HOME STATE OF THE CHILD AND GEORGIA WAS THE HOME STATE AS OF JULY 10, 2009.

{¶4} In his first assignment of error, Dattilio argues that the trial court erred in its determination that his petition to register the New Jersey order in Ohio was defective. In his

second assignment of error, Dattilio argues that the trial court erred in holding that it could not modify the New Jersey decree unless it was registered in Ohio. In his third assignment of error, Dattilio argues that the trial court erred in determining that Georgia, and not Ohio, was the home state of the child. However, this Court will not reach the merits of Dattilio's appeal, as we find the issues raised are moot.

{¶5} In *Frank Novak & Sons, Inc. v. Avon Lake Bd. of Edn*, 9th Dist. No. 01CA007835, 2001 WL 1545505, *1 (Dec. 5, 2001), quoting *Miner v. Witt*, 82 Ohio St. 237, 238, (1910), we set forth the Ohio Supreme Court's following analysis of the mootness doctrine:

> The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal. And such a fact, when not appearing on the record, may be proved by extrinsic evidence.

{¶6} Here, Brittingham filed a motion to dismiss in this Court identifying a motion filed by Dattilio in Georgia, wherein Dattilio set forth that he now resides in Georgia. Dattilio responded to Brittingham's motion to dismiss, arguing that that because Brittingham relied upon allegations that were not part of the record in the present case, dismissal of the appeal could not be based upon these allegations. Dattilio further responded that his current residence is irrelevant because a child's home state is determined at the commencement of the action, and, even if he had moved to Georgia, the issue is not moot because it is foreseeable that he could move back to Ohio if this Court reversed the ruling of the lower court. We find Dattilio's arguments unpersuasive.

{¶7}  "[A]n event that causes a case to be moot may be proved by extrinsic evidence outside the record." *Roach v. Menard, Inc.*, 9th Dist. No. 22349, 2005-Ohio-1708, ¶ 6, quoting *Pewitt v. Lorain Correctional Inst.*, 64 Ohio St.3d 470, 472 (1992).  Therefore, Dattilio's argument that we are confined to the record in determining mootness lacks merit.

{¶8}  As to Dattilio's argument that jurisdiction is determined based upon the circumstances existing at the time of the commencement of a juvenile proceeding, this argument pertains to the merits of Dattilio's assignments of error.  However, it does not address whether an event has occurred which would prevent any judgment rendered by this Court to provide Dattilio with relief.

{¶9}  Further, as to Dattilio's contention that this appeal is not moot because, if we were to enter judgment in his favor, it is foreseeable that he may return to Ohio, we are not persuaded.  In Dattilio's response to the motion to dismiss, he did not dispute the accuracy or authenticity of the documents provided by Brittingham from the Georgia proceedings.  A copy of the Georgia temporary order sets forth that, because the child was to begin pre-kindergarten schooling in August, 2011, it would not be possible for the parenting schedule, where the child traveled from Georgia to Ohio for two weeks per month, to continue.  Based upon this, the Georgia court reduced Dattilio's parenting time to four overnight visits each month, but indicated that it would consider modifying the order if Dattilio moved to Georgia.  Thereafter, as set forth in a copy of a motion Dattilio filed, Dattilio represented to the Georgia court that he had "moved to Georgia *on a permanent basis*, residing less than one mile from [Brittingham] and the minor child." (Emphasis added.).

{¶10}  Based upon the representations Dattilio has made to the Georgia court, we cannot discern how our rendering of a decision would provide Dattilio, a now self-declared permanent

resident of Georgia, any relief. Accordingly, the issues raised in this appeal are moot, and this court declines to address Dattilio's assignments of error. *See* App.R. 12(A)(1)(c).

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

CARR, P. J.
BELFANCE, J.
CONCUR

APPEARANCES:

DEBORAH AKERS-PARRY, Attorney at Law, for Appellant.

JOHN M. DOHNER, Attorney at Law, for Appellee.