[Cite as *State v. Wheeler*, 2016-Ohio-245.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO

    Appellee

v.

EUGENE W. WHEELER

    Appellant

C.A. No.     13CA0051-M

APPEAL FROM JUDGMENT
ENTERED IN THE
MEDINA MUNICIPAL COURT
COUNTY OF MEDINA, OHIO
CASE No.    12 CRB 01846

DECISION AND JOURNAL ENTRY

Dated: January 25, 2016

MOORE, Judge.

{¶1} Defendant, Eugene W. Wheeler, appeals from the judgment of the Medina Municipal Court. This Court affirms.

I.

{¶2} In December 2012, a complaint was filed in the trial court charging Mr. Wheeler with domestic violence in violation of R.C. 2919.25(A). The case ultimately proceeded to a bench trial. Thereafter, the trial court issued a judgment entry finding Mr. Wheeler guilty and imposing sentence. Mr. Wheeler timely filed a notice of appeal from the sentencing entry, and he now presents four assignments of error for our review. We have consolidated and re-ordered certain assignments of error to facilitate our discussion.

II.

{¶3} At the outset, we note that Mr. Wheeler appeared pro se in the trial court and on appeal. With respect to pro se litigants, this Court has noted:

[P]ro se litigants should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities. However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound. He is not given greater rights than represented parties, and must bear the consequences of his mistakes. This Court, therefore, must hold [a pro se appellant] to the same standard as any represented party.

*State v. Taylor*, 9th Dist. Lorain No. 14CA010549, 2014-Ohio-5738, ¶ 5, quoting *Sherlock v. Myers*, 9th Dist. Summit No. 22071, 2004-Ohio-5178, ¶ 3. With this in mind, we turn to Mr. Wheeler's assignments of error.

## ASSIGNMENT OF ERROR I

THE EVIDENCE WAS INSUFFICIENT AND AGAINST THE MANIFEST WEIGHT, AS MATTERS OF LAW, TO CONVICT [MR.] WHEELER.

THE TRIAL COURT ERRED BY ALLOWING A CASE TO PROCEED WHEN DAY OF THE FIRST TRIAL A REQUEST FOR DISMISSAL WAS ENTERED BY [MR. WHEELER] ON 3/13/2013 FOR WANT OF PROSECUTION, NO WITNESS/VICTIM.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY USING THREAT, DURESS AND COERCION IN ORDER TO PROCURE A VICTIM/WITNESS IN AN ATTEMPT FOR THE STATE TO MOVE FORWARD WITH ITS WITNESS LESS/VICTIMLESS PROSECUTION OF [MR.] WHEELER.

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED IN DECISION OF THE COURT WHEN THERE WAS SUCH TREMENDOUS ACTS BEFORE THE COURT TO CALL IN QUESTION AS TO WHETHER OR NOT THE STATE[']S VICTIM/WITNESS WAS EVEN IN FACT A VICTIM BY HER OWN ACTIONS OR LACK OF ACTIONS BEFORE THE COURT THROUGH[O]UT THE ENTIRE ADMINISTRATIVE PROCESS.

{¶4} In Mr. Wheeler's first, second, and fourth assignments of error, he challenges his conviction based upon the evidence presented at, and alleged errors occurring at, oral proceedings before the trial court, including the bench trial. However, Mr. Wheeler has not cited

any portion of the record, to which our review is confined, in support of these assignments of error. *See* App. R. 16(A)(7) (Appellant's brief to contain "the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."). Our review of the record indicates that neither the transcript of the trial nor of any hearing was filed with this Court. *See* App.R. 9(B). "When portions of the transcript which are necessary to resolve assignments of error are not included in the record on appeal, the reviewing court has no choice but to presume the validity of the [trial] court's proceedings, and affirm." (Internal quotations and citations omitted.) *State v. Knapp*, 9th Dist. Summit No. 25063, 2010-Ohio-5328, ¶ 10. Accordingly, here, we can only presume regularity of the trial court's proceedings. On this basis, Mr. Wheeler's first, second, and fourth assignments of error are overruled.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED BY ALLOWING A CHARGE TO BE LEVIED AGAINST [MR. WHEELER] WHEN IT WAS CLEAR THE INITIAL ARREST OF [MR. WHEELER] WAS A WARRANTLESS ARREST POSSESSING NO SIGNATURE OF A JUDGE OR MAGISTRATE WHOM HAD SUFFICIENT KNOWLEDGE TO DEEM ARREST VALID, NECESSARY AND APPROVED. JURISDICTIONAL DEFECTS ARISE OUT OF ACTIONS BY ARRESTING OFFICE ACTIONS IN THE WARRANTLESS ARREST OF [MR. WHEELER] ON 12/27/2012. JURISDICTION CHALLENGED BY ALLEGED DEFENDANT.

{¶5} In his third assignment of error, Mr. Wheeler contends that the trial court lacked jurisdiction because he was arrested without a valid warrant.

{¶6} Mr. Wheeler failed to separately argue his assignments of error in his brief. After review of his combined argument, this Court cannot discern the basis for Mr. Wheeler's position as set forth in his third assignment of error. *See* App.R. 12(A)(2) ("The court may disregard an

assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A).").  Accordingly, Mr. Wheeler's third assignment of error is overruled.

## III.

**{¶7}**    Accordingly, Mr. Wheeler's assignments of error are overruled.  The judgment of the trial court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

CARR, P. J.
SCHAFER, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

EUGENE W. WHEELER, pro so, Appellant.

GREGORY HUBER, J. MATTHEW LANIER, JOHN G. QUILLIN, and MICHAEL JOHN, Prosecuting Attorneys, for Appellee.