[Cite as *Helms v. Furman*, 2016-Ohio-5810.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| JOEL A. HELMS | C.A. No. 27999 |
|---|---|
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DESTINY M. FURMAN, et al. | BARBERTON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellees | CASE No. CVG 1401240 |

DECISION AND JOURNAL ENTRY

Dated: September 14, 2016

MOORE, Presiding Judge.

{¶1} Plaintiff-Appellant Joel A. Helms appeals from the judgment of the Barberton Municipal Court. We affirm.

I.

{¶2} In July 2014, Mr. Helms, appearing pro se, filed an eviction action against Defendants Destiny Furman, Jamie Blake, and April Wilbanks (collectively "Defendants"). In the four-count complaint, Mr. Helms sought to regain possession of an apartment (count one), recover unpaid rent (count two), and recover expenses related to false claims that the Defendants allegedly made against him (counts three and four).

{¶3} A writ of restitution was issued in October 2014. The matter proceeded to a trial before a magistrate on May 22, 2015. Mr. Helms appeared pro se, but the Defendants did not appear. The magistrate issued a decision finding that the Defendants were liable for past due rent, late fees, and repairs and recommended a judgment in favor of Mr. Helms in the amount of

$1167.00 plus interest. Additionally, the magistrate found that Mr. Helms failed to establish by a preponderance of the evidence his claim that the Defendants falsely accused him of a crime, and that even if he had met his burden of proof, his damages were speculative.

{¶4} Mr. Helms filed objections to the magistrate's decision asserting that, because the Defendants did not answer the complaint or appear at the hearing, Mr. Helms did not have a duty to present evidence. He also maintained that his damages were not speculative. Mr. Helms did not file a transcript along with his objections. The trial court overruled Mr. Helms' objections to the magistrate's decision, concluding that Mr. Helms could not object to any findings of fact, as he failed to file a transcript of the trial. Further, the trial court noted that Mr. Helms did have the burden of proving his claims and damages. Ultimately, the trial court approved and adopted the magistrate's decision and entered judgment for Mr. Helms in the amount of $1,167.00 plus interest.

{¶5} Mr. Helms appealed the judgment. This Court dismissed the attempted appeal concluding that it lacked jurisdiction over it because the trial court failed to enter judgment on counts three and four of the complaint and did not include Civ.R 54(B) language in its entry. *Helms v. Furman,* 9th Dist. Summit No. 27892 (Sept. 1, 2015).

{¶6} Upon remand, the trial court issued an amended judgment entry stating that "[t]here is no just reason for delay in the filing of this journal entry and allowing an immediate appeal pursuant to [] Civ.R. 54(B), and any remaining claims by either party are moot." Mr. Helms again appealed, pro se, raising two assignments of error for our review.

II.

{¶7} At the outset, we note that Mr. Helms appeared pro se in the trial court and on appeal. With respect to pro se litigants, this Court has noted that

> [P]ro se litigants should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities. However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound. He is not given greater rights than represented parties, and must bear the consequences of his mistakes. This Court, therefore, must hold [a pro se appellant] to the same standard as any represented party.

{¶8} *State v. Wheeler,* 9th Dist. Medina No. 13CA0051-M, 2016-Ohio-245, ¶ 3, quoting *State v. Taylor*, 9th Dist. Lorain No. 14CA010549, 2014-Ohio-5738, ¶ 5, quoting *Sherlock v. Myers*, 9th Dist. Summit No. 22071, 2004-Ohio-5178, ¶ 3. With this in mind, we turn to Mr. Helms' assignments of error.

## ASSIGNMENT OF ERROR I

JUDGE WAS INCORRECT TO DISMISS COUNT FOUR WITH DEFENDANTS FAILING TO ANSWER OR DEFEND[.]

## ASSIGNMENT OF ERROR II

THE COURT HAS A RESPON[S]IBILITY TO REI[M]BURSE SU[B]P[O]ENA FEES EXTENDED[.]

{¶9} Mr. Helms' argument is difficult to follow. It appears that he asserts that the trial court erred in failing to find in his favor on counts three and four of his complaint. Specifically, it seems that Mr. Helms again challenges the magistrate's findings that were subsequently adopted by the trial court.

{¶10} This Court previously concluded that the trial court failed to enter judgment with respect to counts three and four. Upon remand, the trial court ultimately concluded that any and all outstanding claims were moot. Accordingly, the trial court found counts three and four to be moot.

{¶11} Mr. Helms has not challenged this determination on appeal. Instead, he seems to challenge the magistrate's findings that Mr. Helms failed to meet his burden and that the

expenses he sought as damages in count four were speculative. If the claims did become moot as the trial court determined, then the trial court could not enter judgment in Mr. Helms' favor on counts three and four irrespective of whether the magistrate's findings were erroneous. *See Dattilio v. Brittingham,* 9th Dist. Summit No. 26101, 2012-Ohio-2889, ¶ 5. Thus, Mr. Helms' arguments on appeal would be irrelevant if the claims were moot as the trial court found. *See In re A.Z.,* 4th Dist. Meigs No. 11CA3, 2011-Ohio-6739, ¶ 18 ("Because the [Appellants'] arguments are irrelevant, we find no merit in the[ir] appeal."). As Mr. Helms has not argued that the trial court erred in finding counts three and four moot, and it is not this Court's duty to create an argument on his behalf, Mr. Helms has failed to affirmatively demonstrate that the trial court committed reversible error. *See id.; see also Cardone v. Cardone,* 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998) ("If an argument exists that can support this assignment of error, it is not this court's duty to root it out.").

{¶12} Mr. Helms' assignments of error are overruled.

III.

{¶13} The judgment of the Barberton Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

JOEL A. HELMS, pro se, Appellant.

DESTINY FURMAN, JAMIE BLAKE, and APRIL WILBANKS, Appellees.