[Cite as *First Communications, L.L.C. v. Helms*, 2016-Ohio-7586.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

FIRST COMMUNICATIONS, LLC

    Appellee

    v.

JOEL A. HELMS, dba GREEN TREE PLACE

    Appellant

C.A. No.     28174

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2015-06-3144

DECISION AND JOURNAL ENTRY

Dated: November 2, 2016

MOORE, Presiding Judge.

{¶1}  Defendant-Appellant Joel Helms, dba Green Tree Place, appeals the judgment of the Summit County Court of Common Pleas.  We affirm.

I.

{¶2}  In June 2015, Plaintiff-Appellee First Communications, LLC filed a complaint against Mr. Helms alleging four alternative causes of action:  breach of contract, account, quantum meruit, and unjust enrichment.  First Communications, LLC asserted that it entered into an agreement with Mr. Helms to provide him with telecommunications products and services, and that Mr. Helms failed to pay the money due for those products and services.  First Communications, LLC sought a judgment of $23,797.34, plus 3% statutory interest from September 12, 2014.  Attached to the complaint was a copy of the product contract, related documents, and a bill with a due date of September 12, 2014, with a balance of $23,797.34.

{¶3} Mr. Helms appeared pro se and filed an answer denying liability. A pretrial was held; however, Mr. Helms failed to appear. On February 2, 2016, First Communications, LLC filed a motion for summary judgment. Attached to the motion was an affidavit of an authorized representative of First Communications, LLC who averred that $23,797.34 was due and owing on the account. Also, attached to the motion were copies of the documents attached to the complaint and a summary page of the account, which indicated that the last payment was made April 16, 2014. Mr. Helms failed to timely oppose the motion for summary judgment. On September 24, 2016, the trial court granted summary judgment in favor of First Communications, LLC in the amount of $23,797.34, plus interest at the rate of 3% per year from September 12, 2014.

{¶4} Mr. Helms has appealed, pro se, raising three assignments of error for our review.

II.

### ASSIGNMENT OF ERROR I

[FIRST COMMUNICATIONS, LLC] REFUSED TO ACKNOWLEDGE [MR. HELMS'] DELIVERY ADDRESS FOR SERVICE[.]

### ASSIGNMENT OF ERROR II

COURT PREMATURE WITH JUDGMENT WITHOUT EVIDENCE OF ORIGINAL CASE SERVICE [ACCEPTANCE]. (SIC)

### ASSIGNMENT OF ERROR III

SUMMARY JUDGMENT BASED ON CONTRACT THAT [MR.] HELMS D[E]RIVED NO VALUE[.]

{¶5} In his assignments of error, Mr. Helms raises issues related to service and the trial court's award of summary judgment to First Communications, LLC.

{¶6} At the outset, we note that Mr. Helms appeared pro se in the trial court and on appeal. With respect to pro se litigants, this Court has noted that:

[P]ro se litigants should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities. However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound. He is not given greater rights than represented parties, and must bear the consequences of his mistakes. This Court, therefore, must hold [a pro se appellant] to the same standard as any represented party.

(Citations omitted.) *Helms v. Furman,* 9th Dist. Summit No. 27999, 2016-Ohio-5810, ¶ 7, quoting *State v. Wheeler,* 9th Dist. Medina No. 13CA0051-M, 2016-Ohio-245, ¶ 3.

**{¶7}** "The rules governing appellate procedure mandate that the appellant's brief must contain a statement of the assignments of error. App.R. 16(A)(3); Loc.R. 7(B)(3). The appellant must then separately argue each assignment of error, including supporting authority and citations to the record. App.R. 16(A)(7); Loc.R. 7(B)(7)." *Easterwood v. Easterwood,* 9th Dist. Medina No. 09CA0043-M, 2010-Ohio-2149, ¶ 10.

**{¶8}** In the instant matter, Mr. Helms has failed to comply with the appellate rules. Mr. Helms' argument section of his brief consists of a single paragraph in which he addresses all three assignments of error. *See* App.R. 16(A)(7); Loc.R. 7(B)(7) ("Each assignment of error shall be separately discussed and shall include the standard or standards of review applicable to that assignment of error under a separate heading placed before the discussion of the issues."). Further, Mr. Helms has failed to cite to any portions of the record in his brief or point to any legal authority in support of his argument. *See* App.R. 16(A)(6),(7).

**{¶9}** "It is the duty of the appellant, not this [C]ourt, to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record. It is not the function of this [C]ourt to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." (Internal quotations and citations omitted.) *Ohio Edison Co. v. Williams,* 9th Dist.

Summit No. 23530, 2007-Ohio-5028, ¶ 9. "Pursuant to App.R. 12(A) and 16(A)(7), an appellate court may disregard an assignment of error if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." (Internal quotations and citations omitted.) *Id.* at ¶ 10; *see also* App.R. 12(A)(2). Accordingly, in light of Mr. Helms' failure to comply with the applicable rules, we conclude he has failed to meet his burden on appeal and decline to further address the merits of his claims. *See id.;* App.R. 12(A)(2). Mr. Helms' three assignments of error are overruled.

## III.

{¶10} The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT

WHITMORE, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

JOEL A. HELMS, pro se, Appellant.

DONALD A. MAUSAR and AMANDA RASBACH YURECHKO, Attorneys at Law, for Appellee.