[Cite as *Anderson v. Maggio*, 2025-Ohio-66.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

DOUGLAS ANDERSON

    Appellant

    v.

RANDY MAGGIO, et al.

    Appellees

C.A. No.      24CA012125

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    23CV209327

DECISION AND JOURNAL ENTRY

Dated: January 13, 2025

HENSAL, Judge.

{¶1} Douglas Anderson appeals a journal entry of the Lorain County Court of Common Pleas that granted Randy and Denise Maggio's motion to dismiss. For the following reasons, this Court affirms.

I.

{¶2} According to Mr. Anderson, in 2019 he executed a land installment contract to purchase the Lorain County Speedway. He also acquired a liquor license for the property. He returned to his home country of Australia later in the year to earn money to complete the purchase. When the COVID pandemic struck, however, he was unable to return to the United States, and the seller of the speedway terminated the land contract. The seller then re-sold the facility to the Maggios, including the liquor license. Mr. Anderson alleged that the Maggios renewed the liquor license multiple times, even though they did not have proper insurance, and represented he was part of their business.

**{¶3}** In 2023, Mr. Anderson filed a complaint against the Maggios, alleging fraud. The Maggios moved to dismiss the complaint or for a more definitive statement, arguing that the complaint failed to state a claim for fraud. Mr. Anderson filed a revised complaint, but the trial court determined that it did not comply with the court's local rules and ordered him to correct it. After Mr. Anderson revised his complaint again, the Maggios filed another motion to dismiss. The trial court granted the motion, concluding that the revised complaint was insufficient to state a claim for fraud and that Mr. Anderson had failed to attach all the necessary documents to it. Mr. Anderson has appealed, assigning four errors.[1]

## II.

### ASSIGNMENT OF ERROR I

THE APPELLANT'S RULING IN FAVOR OF THE DEFENDANT'S MOTION
TO DISMISS WAS AGAINST THE CIVIL RULE 6(A).

**{¶4}** Mr. Anderson's first assignment of error is that the trial court's ruling in the Maggios' favor violated Civil Rule 6(A). According to Mr. Anderson, he asked a magistrate to include the dates on which documents were due so that he could comply within the required timeframes. The court, however, only referred him to a website with the civil rules. It also included weekends when it determined whether he had complied with deadlines. Mr. Anderson also argues that the Maggios improperly stated that they served him a document on a certain date, even though the envelope he received was postmarked a week later.

**{¶5}** Mr. Anderson has not identified any specific documents that the trial court determined were untimely filed. In addition, the court's decision was not based on the timing of any documents. We, therefore, conclude that Mr. Anderson has failed to establish reversible error.

---

[1] Mr. Anderson has not argued his assignments of error separately as required by Appellate Rule 16(A), but this Court chooses not to disregard them under Rule 12(A)(2).

*See Loewe v. Loewe*, 2024-Ohio-323, ¶ 24 (9th Dist.) ("An appellant bears the burden of affirmatively demonstrating the error on appeal and substantiating his arguments in support."). Mr. Anderson's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY STATING THAT THE DOCUMENTATION WAS NOT PROVIDED WITH THE REVISED FORMAL COMPLAINT UNDER CIV R10(D), WHEN IT WAS ORIGINALLY ATTACHED TO THE INITIAL COMPLAINT FILED BY DOUGLAS ANDERSON.

{¶6}  In his second assignment of error, Mr. Anderson argues that the trial court incorrectly determined that he failed to comply with Civil Rule 10(D).  Rule 10(D)(1) provides that, "[w]hen any claim or defense is founded on an account or other written instrument, a copy of the account or written instrument must be attached to the pleading.  If the account or written instrument is not attached, the reason for the omission must be stated in the pleading."  The trial court determined that Mr. Anderson's fraud claim was based on two written instruments, but neither was attached, and no reason was provided for their omission.  Mr. Anderson argues that he attached the documents to his original complaint.

{¶7}  Mr. Anderson referred to multiple documents in his complaint, but his claims focused on a management agreement and the Maggios' application for an Ohio Liquor License. He attached to his original complaint an application for renewal of permits that was signed by Mrs. Maggio in November 2020 and an application renewal that was completed in October 2021.  He attached those same documents to his first revised complaint and did not attach any documents to his second revised complaint.

{¶8}  Mr. Anderson did not attach the management agreement that was one of the bases of his fraud claim to any of the complaints that he filed.  He, therefore, has failed to establish that

the trial court incorrectly determined that he did not comply with Rule 10(D). Mr. Anderson's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED BY NOT ALLOWING ANDERSON TO TESTIFY TO THE COURT DURING THE SCHEDULED, THEN CANCELLED TELECONFERENCE, THE MORNING OF THE COURT'S DECISION. THE COURT RENDERED A RULING AGAINST ANDERSON WITHOUT GIVING HIM AN OPPORTUNITY TO PLEAD HIS CASE.

{¶9} In his third assignment of error, Mr. Anderson argues that he should have been allowed to testify in support of his case. In April 2024, the trial court ordered Mr. Anderson to file an amended complaint. It also set a telephone conference for May 2024. After Mr. Anderson filed his revised complaint, the Maggios moved to dismiss it. Mr. Anderson did not respond to the motion within 14 days, as allowed under Rule 6(C). The record does not indicate whether the telephone conference occurred, but the day after it was scheduled, the trial court entered its decision, dismissing Mr. Anderson's claims.

{¶10} This Court has held that a trial court does not need to conduct an evidentiary hearing to determine the merits of a motion to dismiss under Rule 12(B)(6). *Hall v. GMS Mgmt. Co., Inc.*, 2021-Ohio-2392, ¶ 16 (9th Dist.). This is because the court does not need to make factual findings as it "is confined to the allegations in the pleading[.]" *Id.*, quoting *Copeland v. Myer*, 2009-Ohio-3132, ¶ 20 (5th Dist.). We also note that Mr. Anderson did not request an oral hearing on the motion to dismiss. His third assignment of error is overruled.

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT PROCEDURALLY ERRED BY RULING IN FAVOR OF THE DEFENDANT BY GRANTING PREJUDICE IN FAVOR OF THE DEFENDANTS' ATTORNEY, SINCE DISMISSAL WITH PREJUDICE WAS NEVER PRESENTED OR REQUESTED BY THE DEFENDANTS['] ATTORNEY.

{¶11} In his fourth assignment of error, Mr. Anderson argues that the dismissal of his case should have been without prejudice. In support of his argument, he cites Rule 41(A)(1), noting that it provides that, "[u]nless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice . . . ." He also notes that Rule 41(A)(2) provides that a dismissal under that section is also without prejudice "[u]nless otherwise specific in the order[.]" According to Mr. Anderson, because the Maggios did not request that the dismissal of his case be with prejudice, the court should have dismissed it without prejudice.

{¶12} Rule 41(A)(1) and (2) concern voluntary dismissal of an action. Mr. Anderson's case was not voluntarily dismissed so the rule is inapplicable. We note that Mr. Anderson has not developed any further argument for why the dismissal of his claim should have been without prejudice. This Court has recognized that "[a]n appellant bears the burden of formulating an argument on appeal and supporting that argument with citations to the record and to legal authority." *State v. Watson*, 2009-Ohio-330, ¶ 5 (9th Dist.), citing App.R. 16(A)(7). In addition, "[t]his Court will not create an argument on the behalf of an appellant." *Id*., citing *Cardone v. Cardone*, 1998 WL 224934, *8 (9th Dist. May 6, 1988); *Xue Juan Chen v. Holder*, 737 F.3d 1084, 1085 (7th Cir. 2013) ("[W]e cannot write a party's brief, pronounce ourselves convinced by it, and so rule in the party's favor.").

{¶13} Upon review of the record, Mr. Anderson has not established that the trial court erred when it dismissed his complaint with prejudice. Mr. Anderson's fourth assignment of error is overruled.

III.

{¶14} Mr. Anderson's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

6

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SUTTON, P. J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

DOUGLAS ANDERSON, pro se, Appellant.

DENISE MAGGIO and RANDY MAGGIO, Attorneys at Law, for Appellees.