[Cite as *Alqaryuti v. Hampton Place*, 2025-Ohio-1120.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

ARWA ALQARYUTI

    Appellant

    v.

HAMPTON PLACE HOA

    Appellee

C.A. No.    24CA012174

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    23CV201214

DECISION AND JOURNAL ENTRY

Dated: March 31, 2025

---

STEVENSON, Judge.

{¶1} Plaintiff-Appellant Arwa Alqaryuti appeals from the judgment of the Lorain County Court of Common Pleas granting summary judgment in favor of Defendant-Appellee Hampton Place Homeowners Association ("Hampton Place"). This Court affirms.

I.

{¶2} Ms. Alqaryuti and her family are members of Hampton Place. Hampton Place owns and operates a swimming pool that is required by Ohio law to have a lifeguard on duty. Hampton Place contracts with Metropolitan Pool Service Inc. ("Metropolitan") to provide lifeguards and maintenance during the swim season.

{¶3} On Memorial Day 2022, lifeguard B.W. filed an incident report presenting complaints of inappropriate behavior by Ms. Alqaryuti's minor son S.H. and his friends that violated the pool's conduct rules. As a result, the pool was shut down because Metropolitan would not provide a lifeguard until Hampton Place hired security for the protection of its lifeguards.

Hampton Place hired security and reopened the pool one week later. The Hampton Place Board conducted a hearing with Ms. Alqaryuti and S.H. regarding the incident. After the hearing, Hampton Place suspended the entire Alqaryuti family's pool privileges for the rest of the season and assessed them a fine of $1,000. Ms. Alqaryuti testified in her deposition that S.H. admitted his wrongdoing, promised to never misbehave again at the pool, and accepted the consequences.

{¶4} The pool reopened in May 2023. On May 31, 2023, Hampton Place received an email from lifeguard H.T. reporting that three boys, including S.H., behaved inappropriately towards her that day, and that although other parents yelled at the boys and tried to get them to stop, the boys continued misbehaving, causing disruption to the other members present and jeopardizing their safety. Once again, this behavior was considered a violation of the pool rules and resulted in the pool being shut down because Metropolitan refused to provide lifeguard service unless Hampton Place hired security. Hampton Place hired security for the time period June 3, 2023, to July 9, 2023, for the sum of $8,075.63. Hampton Place's counsel then sent Ms. Alqaryuti and her family a letter notifying them that their family's pool privileges were suspended pending a hearing.

{¶5} The Hampton Place Board conducted a hearing in August 2023 regarding the May 31, 2023, incident. As a result, the Board decided to suspend the entire family's pool access for one year, imposed an enforcement penalty in the sum of $2,000, and assessed the family the security guard fee of $8,075. Both sums were levied in accordance with the Hampton Place Declaration of Covenants, Article VII, section 7.5.4.

{¶6} Another incident took place on August 19, 2023, when Ms. Alqaryuti came to the pool with her daughter in violation of the suspension notice. They were asked to leave. A third hearing was held regarding this trespass violation, but no additional penalties were imposed.

{¶7} Ms. Alqaryuti filed a complaint against Hampton Place for discrimination and harassment. After taking Ms. Alqaryuti's deposition, Hampton Place moved for summary judgment. Ms. Alqaryuti opposed the motion. The trial court granted the motion and Ms. Alqaryuti timely appealed, asserting two assignments of error for our review.

{¶8} We will address Ms. Alqaryuti's assignments of error in a consolidated fashion as they are both determined by the same analysis.

II.

**ASSIGNMENT OF ERROR I**

**[HAMPTON PLACE] VIOLATED THE TERMS AND CONDITIONS OF THE AGREEMENT SIGNED FOR VIOLATION CONSEQUENCE AS IT WAS MENTIONED IN SECTION 4. POOL RULES & REGULATIONS, "ANYONE NOT FOLLOWING RULES WHILE AT THE POOL WILL BE GIVEN WARNING OR, AT THE DISCRETION OF THE LIFEGUARD, ASKED TO LEAVE THE POOL AREA IMMEDIATELY. VIOLATION WILL RESULT IN LOSS OF POOL ACCESS FOR THE ENTIRE RESIDENCE. AN ADMINISTRATIVE FEE WILL ALSO BE ASSESSED." THERE WAS NO OTHER COST SUCH AS HIRING A SECURITY GUARD WAS MENTIONED.**

**ASSIGNMENT OF ERROR II**

**[HAMPTON PLACE] VIOLATED THE OHIO FAIR HOUSING ACT *42 U.S.C. §§ 3601-19* BY DISCRIMINATING AGAINST NATIONAL ORIGIN AND SELECTIVELY ENFORCING VIOLATION FEE ON OUR HOME BUT NOT THE OTHER HOMEOWNERS WHO ENGAGED IN SAME OR DIFFERENT VIOLATIONS. TITLE VIII OF THE CIVIL RIGHTS ACT OF 1968 (FAIR HOUSING ACT), AS AMENDED, PROHIBITS DISCRIMINATION IN THE SALE, RENTAL, AND FINANCING OF DWELLINGS, AND IN OTHER HOUSING-RELATED TRANSACTIONS, BECAUSE OF RACE, COLOR, RELIGION, SEX (INCLUDING GENDER IDENTITY AND SEXUAL ORIENTATION), FAMILIAL STATUS, NATIONAL ORIGIN, AND DISABILITY. IT ALSO REQUIRES THAT ALL FEDERAL PROGRAMS RELATING TO HOUSING AND URBAN DEVELOPMENT BE ADMINISTERED IN A MANNER THAT AFFIRMATIVELY FURTHERS FAIR HOUSING.**

{¶9} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, (1996). Summary judgment is appropriate under Civ.R. 56 when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977), citing Civ.R. 56(C).

{¶10} Ms. Alqaryuti is a pro se litigant. We note that:

> a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound. He is not given greater rights than represented parties, and must bear the consequences of his mistakes. This Court, therefore, must hold [a pro se appellant] to the same standard as any represented party.

*First Communications, L.L.C. v. Helms*, 2016-Ohio-7586, ¶ 6 (9th Dist.)*,* citing *Helms v. Furman*, 2016-Ohio-5810, ¶ 7 (9th Dist.), quoting *State v. Wheeler*, 2016-Ohio-245, ¶ 3 (9th Dist.).

{¶11} App.R. 16(A)(7) requires that appellant's brief include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. . . ." Here, Ms. Alqaryuti's brief contains no argument whatsoever. The section of her brief entitled "Argument and Law" contains only the text of her two assignments of error without more. This Court has repeatedly said that:

> Where an appellant fails to develop an argument in support of his assignment of error, this Court will not create one for him. *See State v. Harmon*, [] 2013-Ohio-2319, [] ¶ 6, citing App.R. 16(A)(7) and *Cardone v. Cardone*, [] 1998 WL 224934, *8 (May 6, 1998). "If an argument exists that can support [an] assignment of error, it is not this [C]ourt's duty to root it out." *Cardone* at *8.

*State v. Franks*, 2017-Ohio-7045, ¶ 16 (9th Dist.).

{¶12} Assuming, *arguendo,* that we treat Ms. Alqaryuti's "Statement of the Facts" in her merit brief as her attempt to make a legal argument because she references the "attached Manual of the pool & Regulations that we signed . . .[,]" she does not identify any specific provisions of the Manual nor cite to any legal authorities such that we could construe her statements as an actual argument. Although she states that "[t]here was nothing mentioned about other costs such as hiring a security guard," Hampton Place established in its motion for summary judgment that the Manual provided for such individual assessment of costs in Article VII, Section 7.5.4. ("any costs associated with the enforcement of this Declaration or the Rules and Regulations of the Association, including, but not limited to, attorney fees, court costs and other expenses incurred."). Ms. Alqaryuti did not rebut that evidence.

{¶13} In addition, a review of the record shows that Ms. Alqaryuti did not argue any of the authorities set forth in her assignments of error in the trial court. Neither her complaint nor her response in opposition to Hampton Place's motion for summary judgment mention those rules and laws nor did she advance any argument that could be construed as invoking those provisions. Therefore, the statutes and rules and regulations cited in Ms. Alqaryuti's assignments of error are being raised for the first time on appeal.

{¶14} We have repeatedly held that:

> When reviewing arguments on appeal, this Court cannot consider issues that are raised for the first time on appeal. The Ohio Supreme Court has stated that other than issues of subject matter jurisdiction, reviewing courts do not consider questions not presented to the court whose judgment is sought to be reversed. It is well established that an appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.

*Schierbaum v. Ohio Dept. of Edn.*, 2024-Ohio-1196, ¶ 18 (9th Dist.), citing *State v. Harris*, 2009-Ohio-3865, at ¶ 9 (9th Dist.).

{¶15}  Accordingly, based on the foregoing, Ms. Alqaryuti's assignments of error will not be considered, and are therefore, overruled.

### III.

{¶16}  Ms. Alqaryuti's assignments of error are overruled.  The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
SCOT STEVENSON
FOR THE COURT

FLAGG LANZINGER, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

ARWA ALQARYUTI, pro se, Appellant.

GREGORY A. HUBER, Attorney at Law, for Appellee.