**[Cite as *Gormley v. Gormley*, 2025-Ohio-4782.]**

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

CAROLEE GORMLEY

    Appellant

    v.

DARRYL GORMLEY

    Appellee

C.A. No.    2024CA0102-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    2023DR0105

DECISION AND JOURNAL ENTRY

Dated: October 20, 2025

HENSAL, Judge.

{¶1}    Carolee Gormley appeals the divorce decree entered by the Medina County Court of Common Pleas, Domestic Relations Division. This Court affirms.

I.

{¶2}    Carolee Gormley ("Wife") and Darryl Gormley ("Husband") married in 2001. Wife filed a complaint for divorce in 2023. Before trial, the parties placed stipulations regarding the division of their property on the record, and the trial proceeded solely on the question of spousal support. The trial court ordered Husband to pay $250 per month in spousal support until the death of either party, Wife's remarriage, or Husband's retirement under Social Security. The trial court also retained jurisdiction to modify the spousal support award. In reaching that decision, the trial court made findings of fact related to the parties' incomes, earning capacity, and investments. The trial court also made several findings of fact related to Wife's student loans, which had been

incurred during the marriage and later forgiven through a student loan forgiveness program. Wife appealed, assigning three errors for this Court's review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED AS A MATTER OF LAW IN DETERMINING
THE AMOUNT AWARDED IN SPOUSAL SUPPORT TO WIFE

{¶3} Wife's first assignment of error argues that the trial court abused its discretion in determining the amount of spousal support to which she was entitled. Specifically, Wife has argued that the trial court abused its discretion by including her student loan forgiveness and the stipulated division of the parties' assets in their respective incomes for purposes of determining spousal support. She has also argued that the trial court abused its discretion by considering the effect of her student loans on the parties' standard of living during the marriage when determining spousal support.

{¶4} As an initial matter, the extent to which the trial court considered the items to which Wife directs this Court's attention is unclear. The divorce decree set forth the parties' stipulations followed by a series of findings of fact drawn from the stipulations that were placed on the record and the parties' testimony. The trial court prefaced those findings of fact by noting that it "ma[de] the following additional findings as to the matter of spousal support . . . ." Nonetheless, when the trial court determined the issue, it wrote that it was doing so "[h]aving considered all factors as provided in Revised Code Section 3105.18(C)(1) and applying the same to the facts of this case, in addition to those outlined above . . . ." Whether or not the trial court considered the factors referenced by Wife, however, this Court is unable to review the merits of her argument.

{¶5} Local Rule 9(A) of the Ninth District Court of Appeals provides that "[i]t is the duty of the appellant to arrange for the timely transmission of the record . . . and to ensure that the

appellate court file actually contains all parts of the record that are necessary to the appeal." With respect to transcripts, the Supreme Court of Ohio has concluded that "[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Labs.*, 61 Ohio St.2d 197, 199 (1980). This Court has applied the same principle when exhibits are omitted from the record. *Lathan v. Andrews*, 2017-Ohio-4419, ¶ 15 fn. 2 (9th Dist.); *Adam v. Kovitch*, 2013-Ohio-1020, ¶ 11 (9th Dist.); *Nelson v. Nelson*, 2011-Ohio-6200, ¶ 15 (9th Dist.).

{¶6} A trial court must consider the factors set forth in Revised Code Section 3105.18(C)(1)(a)-(n) "[i]n determining whether spousal support is appropriate and reasonable," and in determining the nature, amount, terms, and duration of a spousal support payment. R.C. 3105.18(C)(1). In this case, the parties introduced a number of exhibits during the trial that related to their positions regarding the trial court's consideration of the factors in Section 3105.18(C)(1). Although their testimony referenced some of those exhibits in general terms, the content of the exhibits themselves is not fully reflected in the transcript. The transcript of proceedings prepared by the official court reporter bears the notation that "[t]he exhibits have never been in the possession of this court reporter." Husband moved to dismiss the appeal because the exhibits were missing from the record. Wife did not respond to that motion, but this Court denied the motion to dismiss because "[i]ssues concerning the record . . . relate to the merits of the appeal and are to be brought to this Court's attention in the context of the parties' merit briefs." Husband raised the issue again in his appellate brief and, again, Wife did not respond.

{¶7} It was Wife's duty as the appellant to ensure that the record contained everything necessary for this Court's review. *See* Loc.R. 9(A). Because the exhibits contain information

necessary for this Court to review the trial court's application of Section 3105.18(C)(1), this Court must presume regularity in their absence and affirm the trial court's judgment. *See Nelson* at ¶ 15. *See generally Knapp* at 199. Wife's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT STATED IN ITS JUDGMENT ENTRY THAT THE PARTIES AGREED TO GIVE MARITAL CARS TO THEIR CHILDREN. THERE WAS NO SUCH AGREEMENT MADE. NO SUCH AGREEMENT CAN BE FOUND IN THE TRANSCRIPT. THE COURT IS WITHOUT JURISDICTION TO ORDER THAT MARITAL PROPERTY BE GIVEN TO A THIRD PARTY WHO HAS NOT MADE THEMSELVES A PARTY TO THE CASE. AWARDING MARITAL PROPERTY TO THIRD PARTIES WAS AN ABUSE OF DISCRETION.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ORDERED WIFE TO PAY HUSBAND $4545 FOR [HIS] EQUITY OUT OF HER CAR. WIFE PAID HUSBAND $4545 FOR THE EQUITY BY RECEIVING $4545 LESS THAN SHE WAS DUE FROM HUSBAND['S] 401(K). THE PARTIES REACHED THAT RESULT BY AGREEMENT.

{¶8} Appellate Rule 16(A) requires an appellant's brief to include "[a] statement of facts relevant to the assignments of error presented for review, with appropriate references to the record" and "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 16(A)(6), (7). *See also* Local Rule 16(A)(7). When an appellant fails to argue an assignment of error, this Court will not construct an argument on the appellant's behalf. *Cardone v. Cardone*, 1998 WL 224934, *8 (9th Dist. May 6, 1998). *See also Anderson v. Maggio*, 2025-Ohio-66, ¶ 12 (9th Dist.), quoting *Xue Juan Chen v. Holder*, 737 F.3d 1084, 1085 (7th Cir. 2013) ("[W]e cannot write a party's brief, pronounce ourselves convinced by it, and so rule in the party's favor.").

**{¶9}** Wife's brief contains no argument whatsoever with respect to her second and third assignments of error. Instead, her brief lists only the text of those assignments of error. *Compare Alqaryuti v. Hampton Place HOA*, 2025-Ohio-1120, ¶ 11 (9th Dist.). This Court will not construct an argument on her behalf. *See Cardone* at *8. Wife's second and third assignments of error are overruled on that basis.

III.

**{¶10}** Wife's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

STEVENSON, P. J.
CARR, J.
CONCUR.

APPEARANCES:

CHARLES TYLER, SR., Attorney at Law, for Appellant.

DARRYL E. GORMLEY, Attorney at Law, pro se, Appellee.