[Cite as *State v. Wilson*, 2016-Ohio-379.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 102189

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**WOODROW WILSON**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-587812-B

**BEFORE:** Blackmon, J., Celebrezze, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** February 4, 2016

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

By:   Jeffrey Gamso
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Lon'Cherie' D. Billingsley
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1}     Appellant Woodrow Wilson appeals the trial court's imposition of court costs and assigns the following error for our review:

I.  The trial court committed error when it imposed costs in the journal entry of sentence after specifically waiving them in open court at the sentencing hearing.

{¶2}     The state, pursuant to Loc.App.R. 16(B), has conceded the error raised by Wilson.[1]    Our review of the record confirms that the sentencing entry includes an order of costs to be paid by Wilson, while our review of the transcript shows the trial court waived the costs.

{¶3}     Although a court speaks through its journal entries, clerical errors may be corrected at any time in order to conform to the transcript of the proceedings.  *State v. Steinke*, 8th Dist. Cuyahoga No. 81785, 2003-Ohio-3527, ¶ 47; Crim.R. 36.   The trial courts retain continuing   jurisdiction to correct these clerical errors in judgments with a nunc pro tunc entry to reflect what the court actually decided.  *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19.

{¶4}     Therefore, because the sentencing entry is inconsistent with the court's decision in open court to waive court costs and fees, the sentencing entry should be corrected by a nunc pro tunc entry to accurately reflect the court's decision at the sentencing hearing.   Accordingly, Wilson's sole assigned error is sustained.

{¶5}     Judgment affirmed and case remanded for the trial court to issue a nunc pro tunc entry reflecting the fact that the court waived court costs and fees.  It  is  ordered  that  appellee recover of appellant costs herein taxed.

---

[1]Loc.App.R. 16(B) provides: Notice of Conceded Error.  When a party concedes an error that is dispositive of the entire appeal, the party conceding the error shall file a separate notice of conceded error either in lieu of or in addition to their responsive brief.  Once all briefing is completed, the appeal will be randomly assigned to a merit panel for review.  The appeal will be considered submitted on the briefs unless the assigned panel sets an oral argument date.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON,   JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EILEEN T. GALLAGHER,   J., CONCUR