[Cite as *Combs v. Combs*, 2019-Ohio-3685.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| TODD A. COMBS | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 2019-CA-2 |
| | : | |
| v. | : | Trial Court Case No. 2018-DR-63 |
| | : | |
| AMY L. COMBS | : | |
| | : | (Appeal from Common Pleas Court – |
| Defendant-Appellee | : | Juvenile Division) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 13th day of September, 2019.

. . . . . . . . . . .

TODD A. COMBS, 5900 Gilbert Road, North Lewisburg, Ohio 43060
        Plaintiff-Appellant, Pro Se

RONALD C. TOMPKINS, Atty. Reg. No. 0030007, 121 South Main Street, Urbana, Ohio
43078
        Attorney for Defendant-Appellee

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Todd A. Combs appeals pro se from the trial court's judgment entry granting him a divorce from appellee Amy L. Combs on the grounds of incompatibility and resolving all issues between them.

{¶ 2} The trial court's divorce decree incorporated a partial agreed judgment entry in which the parties voluntarily resolved nearly all issues. One issue on which they did not agree concerned gifts made by Todd's parents during the marriage.[1] The record reflects that Todd's parents owned a house and farmland with a fair market value of $225,000. During the parties' marriage, Todd's parents conveyed the property to Todd and Amy for a below-market-value purchase price of $100,000. Todd's parents also made a gift of $20,000 for a down payment, leaving Todd and Amy with an $80,000 mortgage that was in both of their names.

{¶ 3} In the proceedings below, the parties disputed whether the $125,000 difference between the purchase price of the property and its fair market value constituted a gift to Todd and Amy or to Todd alone. The parties similarly disputed whether the $20,000 provided for a down payment constituted a gift to Todd and Amy or to Todd alone. At a hearing on the issue, Todd presented testimony from his mother, his father, and two siblings. Each of these witnesses essentially testified that Todd had worked on the family farm for many years, that his parents wanted him to have it, and that the discounted-value gift and the down-payment gift were intended for him alone. Todd also testified to the same effect. For her part, Amy testified that Todd's parents had sold the house to her and Todd and that both of their names were on the deed and the mortgage.

---

[1] For purposes of clarity, we will refer to the parties by their first names.

{¶ 4} In resolving the issue, the trial court declined to credit the testimony presented by Todd and his witnesses. It reasoned:

The testimony of Plaintiff, his parents, and siblings was that because he had always helped farm the property and was going to continue to farm the property, his parents wanted him to have the property as opposed to his brother and sister who they would make other arrangements for such as taking care of debt and giving a place to live.

It is because they wanted Plaintiff to have the farm that they sold it to him, not his siblings. And although the deed was in both Plaintiff and Defendant's names, and the buyers/borrowers on the closing statement were both Plaintiff and Defendant, and the "gift from parents" on the closing statement is on the column of both Plaintiff and Defendant as borrowers, Plaintiff and both his parents, testified that the $20,000 gift and the $125,000 discounted value were both meant only for their son, the Plaintiff, and not he and Defendant. There was further testimony from Plaintiff's mother about this all being in a certain agreement, but none was ever produced.

Defendant testified that the gift of $20,000 and the discounted value of $125,000 were to both she and Plaintiff as husband and wife as reflected in the deed to both of them of the property.

Pursuant to ORC 3107.171(H), holding title in one name or both names does not determine whether property is marital or separate. Therefore, the fact that Plaintiff and Defendant's names are both on the deed is not dispositive of the issue.

Further, although both of Plaintiff's parents testified that the $20,000 and $125,000 discount were only gifts to their son and not their daughter-in-law, the Court believes this is easy to say now that the parties are in the middle of a divorce, their marriage is over. The Court would expect that from parents. *However, the Court does not believe that was Plaintiff's parents' intention at the time they sold the property when times were good between their son and his wife. The Court believes they were a happily married couple and Plaintiff's parents sold the property and gave the gift and discount to both of them as a couple.*

Pursuant to ORC 3105.171(A)(6)(a)(vii), because it has not been shown by clear and convincing evidence that the gift and discount value gift were given to only one spouse, said gift and discount gift are not the separate property of Plaintiff, but is marital property of both spouses, subject to division of this Court.

The Court, therefore, finds the gift and discounted amount totaling $145,000 is a gift to both parties and is, therefore, marital property of which Defendant shall receive one-half.

(Emphasis added.) (Doc. # 48 at 2-3).

{¶ 5} In his sole assignment of error, Todd challenges only the trial court's determination that the discounted purchase price of the property was not a gift to him alone. He cites the testimony from his parents about their intent. He also cites his siblings' testimony about him being left out of any other inheritance because he got the family farm.

{¶ 6} Upon review, we find Todd's argument to be unpersuasive. "Generally, the party claiming that an asset is separate property has the burden of proving the claim by a preponderance of the evidence." *Hall v. Hall*, 2d Dist. Greene No. 2013 CA 15, 2013-Ohio-3758, ¶ 14, citing *Peck v. Peck*, 96 Ohio App.3d 731, 734, 645 N.E.2d 1300 (12th Dist.1994). But when the property involves a gift made during the marriage, it is presumed to be marital property. Overcoming this presumption requires clear and convincing evidence that the gift was given to only one spouse. *Id.* "Clear and convincing evidence means that degree of proof which will provide in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." *Id.*

{¶ 7} Here the trial court found that Todd had failed to prove by clear and convincing evidence that his parents had intended to make gifts to him alone. That being so, he did not overcome the presumption that gifts made during the marriage are marital property. In reaching its conclusion, the trial court expressly disbelieved the testimony about Todd's parents' intent to make gifts only to him. Instead, the trial court believed that they gave both the down-payment gift and the discounted-value gift to Todd and Amy as a couple. In its role as trier of fact, the trial court had discretion to make this determination, which rested on an assessment of witness credibility—a matter "within the province of the trial court." *Enroute Card v. Roysden*, 2d Dist. Greene No. 96 CA 100, 1997 WL 435700, *2 (Aug. 1, 1997). Having reviewed the record, we find no abuse of discretion in the trial court's resolution of the testimony before it.

{¶ 8} Insofar as Todd contends his being left out of any other inheritance supports a finding that the discounted purchase price of the property was intended to be a gift to him alone, his argument fails for at least two reasons. First, even if Todd's parents did

intend for the reduced purchase price to be in lieu of any other inheritance, there is no reason why they could not have intended to make this gift to Todd and Amy as a married couple, as the trial court found. Second, the record contains absolutely no evidence about the value of any other inheritances available to Todd's siblings. It could be that even the one-half interest in the down-payment gift and the discounted purchase price gift to which the trial court found Todd entitled remains equal to or greater than any inheritance his siblings will receive. We see no evidence from which we can conclude that Todd necessarily was intended to receive the entire down-payment gift and the discounted purchase price gift to equalize inheritances among his siblings.

{¶ 9} For the foregoing reasons, we overrule Todd's assignment of error and affirm the judgment of the Champaign County Common Pleas Court.

. . . . . . . . . . . . .

WELBAUM, P.J. and TUCKER, J., concur.

Copies sent to:

Todd A. Combs
Ronald C. Tompkins
Hon. Brett A. Gilbert