[Cite as *State v. Harris*, 2020-Ohio-4138.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 109083 |
| v. | : | |
| ERNEST HARRIS, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 20, 2020

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-637630-B

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Ashley Gilkerson, Assistant Prosecuting Attorney, *for appellee.*

Gina A. Kuhlman, *for appellant.*

LARRY A. JONES, SR., P.J.:

{¶ 1} Defendant-appellant, Ernest Harris ("Harris"), appeals his convictions for possession of drugs and permitting drug abuse, felonies of the fifth degree. For the reasons that follow, we affirm.

**{¶ 2}** In 2019, Harris was charged with one count each of possession of drugs, permitting drug abuse, and possessing criminal tools. The matter proceeded to a jury trial.

**{¶ 3}** The following pertinent evidence was presented at trial.

**{¶ 4}** On January 16, 2019, Cleveland police executed a search warrant at Harris's Cleveland home. Harris was in the process of obtaining ownership of the home and had tenants that lived in the house with him. There were two bedrooms on the first floor — a front one and a back one; Harris occupied the front one, which he kept padlocked.

**{¶ 5}** When police executed the search warrant, they found the following in Harris's bedroom: a plastic baggie containing suspected cocaine residue, two digital scales with suspected cocaine residue, two gun magazines, six live 9 mm bullets, a box of sandwich baggies, and a utility bill and court papers addressed to Harris at his home address. Police seized other contraband that was scattered throughout the house including a spoon containing cocaine residue on the living room table, a bag containing crack cocaine on the kitchen floor, a mirror containing drug residue in the downstairs back bedroom, a spoon with drug residue in the upstairs middle bedroom, and two crack pipes seized from persons who lived in or were at the house at the time of the raid.

**{¶ 6}** Cleveland Police Detective Ryan McMahon ("Detective McMahon") wore a body camera during the execution of the search warrant; the video of the body camera was played for the jury during trial and entered into evidence.

Detective McMahon explained that Harris motioned to him that "his bedroom's the one right over here where we're all in, and he's motioning to the front bedroom * * *." The detective also directly asked Harris "which one's your bedroom?" Harris responded "[t]he one you're in right now," which the detective testified corresponded with the downstairs front bedroom.

{¶ 7} Megan Peders ("Peders"), a forensic drug chemist with the Cuyahoga County Medical Examiner's Office, testified regarding her analysis of the contraband police seized during their search. Peders testified that cocaine residue is still considered cocaine. Peders testified that the pipes, spoons, plastic baggies with suspected cocaine residue and cocaine "crumbs," scales, and mirrors seized during the search of Harris's house tested positive for cocaine.

{¶ 8} The jury acquitted Harris of the possessing criminal tools charge and found him guilty of possession of drugs and permitting drug abuse. The trial court sentenced him to time served.

{¶ 9} Harris filed a timely appeal but failed to file an appellate brief so this court sua sponte dismissed his appeal pursuant to App.R. 18(C).

{¶ 10} Harris filed an application for reopening pursuant to App.R. 26(B), which this court treated as a motion for reconsideration and granted, vacating the previous order dismissing his appeal.

{¶ 11} Harris raises the following assignments of error for our review:

I. The trial court erred in failing to grant appellant's Crim.R. 29 motion for acquittal.

II. Appellant's convictions were not supported by sufficient evidence.

III. The trial court erred in entering judgment on the verdict that was against the manifest weight of the evidence.

IV. Appellant's trial counsel was ineffective.

**Sufficiency of the Evidence**

{¶ 12} We consider the first and second assignments of error together. As an initial matter, we note that the appellate rules require that assignments of error be set forth and argued separately. *See* App.R. 16(A)(7) ("The appellant shall include in its brief * * * [a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies.") While it is in this court's discretion to combine assignments of error when reviewing them, it is not in the appellant's discretion to do the same when drafting his or her brief. Moreover, this "court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." App.R. 12(A)(2). We recognize, however, that appeals are best decided on their merits; therefore, we will proceed to address the first and second assignments of error.

{¶ 13} In the first and second assignments of error, Harris argues that there was insufficient evidence to support his convictions.

{¶ 14} Crim.R. 29(A) provides for an acquittal "if the evidence is insufficient to sustain a conviction of such offense or offenses." A sufficiency challenge essentially argues that the evidence presented was inadequate to support the jury verdict as a matter of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). "'The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *State v. Getsy*, 84 Ohio St.3d 180, 193, 702 N.E.2d 866 (1998), quoting *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). "[A] conviction based on legally insufficient evidence constitutes a denial of due process." *Thompkins* at *id.*, citing *Tibbs v. Florida*, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). When reviewing a sufficiency-of-the-evidence claim, we review the evidence in a light most favorable to the prosecution. *State v. Hill*, 75 Ohio St.3d 195, 205, 661 N.E.2d 1068 (1996).

{¶ 15} Harris was convicted of possession of drugs and permitting drug abuse. Harris contends that there was insufficient evidence that he possessed drugs but does not dispute his permitting drug abuse conviction under the first and second assignments of error; therefore, we will limit our analysis to whether there was sufficient evidence to sustain his conviction for possession of drugs.

{¶ 16} R.C. 2925.11(A) provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance * * *." R.C. 2905.01(K) defines the term "possess" as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the

premises upon which the thing or substance is found." Possession as defined in R.C. 2905.01(K) may be actual or constructive possession. *State v. Byrd*, 8th Dist. Cuyahoga No. 98037, 2012-Ohio-5728, ¶ 17, citing *State v. Jackson*, 8th Dist. Cuyahoga No. 97743, 2012-Ohio-4278, ¶ 38. Circumstantial evidence alone is sufficient to prove constructive possession. *Jackson* at ¶ 19. The mere presence of an individual in the vicinity of illegal drugs is insufficient to prove the element of possession; however, if the individual is able to exercise control or dominion over the illegal drugs, he or she may be convicted of possession. *Id.*, citing *State v. Wolery*, 46 Ohio St.2d 316, 329, 348 N.E.2d 351 (1976); *see also State v. Harris*, 8th Dist. Cuyahoga Nos. 98183 and 98184, 2013-Ohio-484, ¶ 16. "This court has consistently held that constructive possession can be established through the knowledge of illegal substances or goods and the ability to exercise control over the goods or the premises on which the goods are found." (Citations omitted.) *State v. Tyler*, 8th Dist. Cuyahoga No. 99402, 2013-Ohio-5242, ¶ 23.

{¶ 17} In *Harris*, which involved the defendant here, Ernest Harris, the Cleveland police executed a search warrant at appellant's house.[1] The appellant and three other people were in the house at the time the police searched it. Appellant occupied the downstairs front bedroom; the bedroom was secured by a padlock. Police found a glass tube with suspected burnt crack cocaine residue, drug paraphernalia, and a utility bill addressed to appellant in his bedroom. *Id.* at ¶ 3.

---

[1]Harris's prior convictions were not discussed or admitted as evidence during trial.

The appellant was convicted of possession of drugs, possessing criminal tools, and permitting drug abuse. *Id.* at ¶ 5.

{¶ 18} Appellant argued that there was insufficient evidence to support his conviction because the state failed to establish constructive possession of the drugs. This court disagreed and found that there was sufficient evidence to show that the appellant possessed drugs because the appellant was in the house when the police executed the search warrant and the police found a utility bill, crack cocaine, and drug paraphernalia in plain view in appellant's bedroom that was secured by a padlock. *Id.* at ¶ 22.

{¶ 19} Likewise in this case, Harris was present in his house when police executed the search warrant. The police found a plastic baggie with cocaine residue and two digital scales with cocaine residue in Harris's bedroom, which was secured by a padlock that police had to break open during the search. Police also found a utility bill and mail from probate court addressed to Harris at his home address in the bedroom. Moreover, in this case, Harris admitted to police that the padlocked bedroom was his room. Based on this evidence, we find sufficient evidence to support Harris's conviction for possession of drugs.

{¶ 20} In light of the above, the first and second assignments of error are overruled.

**Manifest Weight of the Evidence**

**{¶ 21}** In the third assignment of error, Harris argues that his conviction for drug possession was against the manifest weight of the evidence. Harris does not challenge his permitting drug abuse conviction under this assignment of error.

**{¶ 22}** The criminal manifest weight-of-the-evidence standard addresses the evidence's effect of inducing belief. *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 25, citing *Thompkins*, 78 Ohio St.3d at 386, 678 N.E.2d 541. Under the manifest weight-of-the-evidence standard, a reviewing court must ask the following question: whose evidence is more persuasive — the state's or the defendant's? *Wilson* at *id.* Although there may be legally sufficient evidence to support a judgment, it may nevertheless be against the manifest weight of the evidence. *Thompkins* at 387; *State v. Johnson*, 88 Ohio St.3d 95, 723 N.E.2d 1054 (2000). "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the manifest weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the fact finder's resolution of the conflicting testimony." *Wilson* at *id.*, quoting *Thompkins* at *id.* "'The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" *Thompkins* at *id*, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

**{¶ 23}** During the execution of the search warrant, police found drugs and drug paraphernalia scattered throughout Harris's house. In the downstairs front bedroom, which the jury could determine was Harris's bedroom based on mail

addressed to Harris and the fact that Harris admitted the room was his, police seized a plastic baggie that contained cocaine residue, two digital scales with cocaine residue, six live 9 mm bullets, and a box of sandwich baggies that detectives testified are commonly used to package drugs.

{¶ 24} Besides the contraband found in Harris's bedroom, police confiscated numerous drugs and drug-related items throughout the house. Police found spoons containing cocaine residue, a plastic bag containing cocaine "crumbs," and mirrors, crack pipes, and multiple plastic baggies containing cocaine residue. Harris was in the process of obtaining ownership of the house and had the ability to exercise control over both the rooms that contained drugs and paraphernalia, as well as the drugs and paraphernalia themselves. He further had the ability to use, possess, and stash the drugs and paraphernalia found in his home. Thus, the jury could have found beyond a reasonable doubt that Harris possessed drugs.

{¶ 25} Upon reviewing the entire record, we find that the conviction for possession of drugs was not against the manifest weight of the evidence nor is this an exceptional case in which the evidence weighs heavily against the conviction.

{¶ 26} Accordingly, the third assignment of error is overruled.

**Ineffective Assistance of Counsel**

{¶ 27} In the fourth assignment of error, Harris contends that his constitutional right to effective assistance of counsel was violated.

{¶ 28} A criminal defendant has the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674

(1984). To demonstrate ineffective assistance of counsel, a defendant must satisfy both parts of a two-prong test. *Id.* at 687. The first prong requires that the defendant show that trial counsel's performance was so deficient that the attorney was not functioning as the counsel guaranteed by the Sixth Amendment to the United States Constitution. *Id.* Under the second prong, the defendant must establish that counsel's "deficient performance prejudiced the defense." *Id.* We determine prejudice by analyzing whether "there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "Reasonable probability" is defined as probability sufficient to undermine confidence in the outcome. *Id.* The failure to prove either prong of the *Strickland* test is fatal to a claim of ineffective assistance. *Id.* at 697.

{¶ 29} Harris argues that his counsel was ineffective because counsel did not move to suppress evidence in the case, did not move to dismiss the case for a violation of his speedy trial rights, and did not object and move for a mistrial when witnesses testified that Harris stated that the downstairs front bedroom was his room.

{¶ 30} The failure to file a suppression motion is not per se ineffective assistance of counsel. *State v. Watts*, 8th Dist. Cuyahoga No. 104188, 2016-Ohio-8318, ¶ 17, citing *State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000). Rather, a trial counsel's failure to file a motion to suppress constitutes ineffective assistance of counsel only if there is a reasonable probability that, had the motion to suppress been filed, it would have been granted. *Watts* at *id.*

**{¶ 31}** Harris states that his counsel was ineffective for not moving to suppress evidence in this case but fails to explain why the evidence should have been suppressed or provide this court any citation to the record or authority to support his argument. It is not the role of this court to make arguments for a party and we decline to do so in this case. Likewise, Harris fails to support his other two claims — that counsel was ineffective for failing to move for dismissal based on a violation of Harris's speedy trial rights[2] or move for a mistrial due to inadmissible witness testimony — with more than mere statements that counsel was ineffective. Absent more and based on our independent review of the record, we decline to find there was a deficiency in counsel's performance or that Harris's attorney prejudiced his defense.

**{¶ 32}** Accordingly, the fourth assignment of error is overruled.

**{¶ 33}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

---

[2]The record reflects that prior to trial, Harris filed a pro se motion to dismiss based on a violation of his speedy trial rights. Just before trial began, defense counsel raised the issue of speedy trial. The state objected, and the trial court agreed with the state's position that there was no violation of speedy trial rights.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN A. GALLAGHER, J., CONCUR