[Cite as *Cleveland v. White*, 2024-Ohio-1584.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF CLEVELAND,                    :

    Plaintiff-Appellee,          :

                                 No. 112720

    v.                                 :

ANGELA C. WHITE,                       :

    Defendant-Appellant.          :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 25, 2024

---

Criminal Appeal from the Cleveland Municipal Court
Case No. 2002-CRB-007841

---

### *Appearances:*

Mark Griffin, Cleveland Director of Law, and Aqueelah A. Jordan, Chief Prosecuting Attorney, and Kevin Burns, Assistant Prosecuting Attorney, for appellee.

James A. Jenkins, *appellant*.

FRANK DANIEL CELEBREZZE, III, J.:

{¶ 1} Appellant Angela C. White ("appellant") brings this appeal challenging her conviction for telecommunications harassment by the Cleveland Municipal Court. After a thorough review of the applicable law and facts, we affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶ 2} This matter arises from unwanted text messages and emails sent from appellant to the victim in this matter, Andrea Sitler ("Sitler"). At the time in question, appellant was dating Joe Naples ("Naples"), with whom Sitler had previously dated and had a child.

{¶ 3} In November 2021, Sitler made a report with the Cleveland Police Department, alleging that she had received over 50 unwanted text messages and 18 emails from appellant since September 12, 2020.

{¶ 4} Sitler detailed the contact from appellant dating back to September 12, 2020. The first message was a video of appellant scrolling through Naples's phone while speaking. Sitler did not respond to this message or the several others she received on September 15, 2020.

{¶ 5} On September 23, 2020, Sitler received a photo sent to her phone by appellant. She responded to this message and asked appellant not to contact her. Appellant replied to the message, and Sitler responded, asking appellant again not to contact her and mentioned the Ohio law precluding telephone harassment. There were no further replies from appellant.

{¶ 6} In December 2020, Sitler received two messages to which she did not reply. In September 2021, she received additional text messages from appellant, and again in November 2021.

{¶ 7} Appellant was charged with two counts of committing telephone harassment, in violation of Cleveland Codified Ordinances ("CCO") 621.10(a)(5) and

(b), respectively. The case was tried to a jury, which found appellant guilty of violating subsection (a)(5) but was unable to come to a verdict on the charge relating to subsection (b). The state subsequently nolled the second charge. Appellant was sentenced to 30 days in jail, with 30 days suspended, one year of community control, and 20 hours of community work service.

{¶ 8} Appellant then filed the instant appeal, raising six assignments of error for our review:

> 1. The evidence was insufficient to sustain the conviction for making a telecommunication after being told not to contact the recipient.
>
> 2. The trial court plainly erred when it instructed the jury that the date of the offense was "September 14, 2022," and not "September 15, 2020."
>
> 3. The trial court erred when it admitted, over objection, testimony from the victim that on September 23, 2020, she told the sender of telecommunications not to contact her further.
>
> 4. The conviction was against the manifest weight of the evidence.
>
> 5. The trial court plainly erred when it treated the criminal complaint as charging two offenses in a single statement that was not divided into two separate counts.
>
> 6. Appellant received the ineffective assistance of counsel.

## II. Law and Analysis

### A. Sufficiency of the Evidence

{¶ 9} In her first assignment of error, appellant argues that her convictions were not supported by sufficient evidence. Specifically, appellant argues that the state offered no evidence as to who sent the telecommunications to her, and no

evidence as to the telephone number of the device that sent the messages. In addition, appellant asserts that there was no evidence that the victim told appellant not to contact her prior to the September 2020 messages.

{¶ 10} When an appellate court reviews a record upon a sufficiency challenge, "'the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 77, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 11} Appellant was convicted of telecommunications harassment, in violation of CCO 621.10(a)(5), which provides that

> [n]o person shall knowingly make or cause to be made a telecommunication, or knowingly permit a telecommunication to be made from a telecommunications device under the person's control, to another, if the caller * * * [k]nowingly makes the telecommunication to the recipient of the telecommunication, to another person at the premises to which the telecommunication is made, or to those premises, and the recipient or another person at those premises previously has told the caller not to make a telecommunication to those premises or to any persons at those premises.

{¶ 12} During her testimony, Sitler identified appellant as the person who was texting her after she had told her to stop. She testified that texts and emails were sent to her by appellant from September 2020 to August 2022, and that appellant had been told to stop multiple times. Sitler read into the record the message that she sent to appellant instructing appellant not to contact her.

{¶ 13} Through appellant's testimony, the state offered sufficient evidence that the victim had asked appellant to stop contacting her. After viewing the evidence in a light most favorable to the state, we conclude that a rational trier of fact could have found beyond a reasonable doubt that appellant engaged in telecommunications harassment in violation of CCO 621.10(a)(5). Appellant's first assignment of error is overruled.

## B. Jury Instruction – Date of Offense

{¶ 14} In her second assignment of error, appellant argues that while charging the jury, the court incorrectly stated that the date of the offense was September 14, 2022, rather than on or about September 15, 2020.

{¶ 15} The criminal complaint was made on September 14, 2022, and alleged that appellant had engaged in telecommunications harassment on or about September 15, 2020. The probable cause statement provided that the telecommunications had occurred repeatedly and were as recent as August 29, 2022. During the trial, the jury was presented evidence of telecommunications that had occurred between September 2020 and August 2022.

{¶ 16} The court stated the following during jury instructions with regard to the first count:

> Before you can find the Defendant guilty, you must find on or — you must find beyond a reasonable doubt that on or about the 14th day of September 2022 in the city of Cleveland, Cuyahoga County, Ohio the Defendant knowingly made or caused to be made the telecommunication to Andrea Sitler and the caller had previously been told by Andrea Sitler not to make communications to Andrea Sitler at the premises.

{¶ 17} It appears that when reading the charges to the jury, the court stated the date that the complaint was signed rather than the date that the complaint alleged the offense to have occurred. Appellant did not object to the date stated in the jury instructions, and thus we can only review for plain error. Even in the context of jury instructions, "[p]lain error 'should be applied with utmost caution and should be invoked only to prevent a clear miscarriage of justice.'" *State v. Skatzes*, 104 Ohio St.3d 195, 2004-Ohio-6391, 819 N.E.2d 215, ¶ 52, quoting *State v. Underwood*, 3 Ohio St.3d 12, 444 N.E.2d 1332 (1983), syllabus. Plain error as to jury instructions is proven when the outcome of the trial would have been different but for the alleged error. *State v. Campbell*, 69 Ohio St.3d 38, 630 N.E.2d 339 (1994).

{¶ 18} The jury heard the dates of the telecommunications in question stated throughout the trial. Moreover, we do not know whether the written jury instructions that the jury received for deliberations included the date of September 14, 2022, or the date alleged in the complaint because the jury instructions were not made part of the trial court record.

{¶ 19} The date stated in the charge to the jury was clearly a mistake by the court, and we do not find that appellant can demonstrate prejudice from a single misstatement of the date of the offense in this case. We find that the trial court did not plainly err, and appellant's second assignment of error is overruled.

## C. Admission of Testimony

{¶ 20} In her third assignment of error, appellant argues that the trial court abused its discretion when it allowed Sitler to testify about the text message that she sent on September 23, 2020, where she told appellant not to contact her again and referenced the Ohio statute regarding telecommunications harassment. Appellant argues that admitting the testimony was error because the text messages were "writings" under Evid.R. 1002 and should have been proven by producing the writing itself.

{¶ 21} Evid.R. 1002 requires that "[t]o prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio."

{¶ 22} Assuming that the original text messages were available but not placed into evidence, the admission of Sitler's testimony regarding their contents violated Evid.R. 1002. However, any error in the admission of her testimony was harmless. The outcome of the trial would not have been different because there was additional evidence admitted — the victim's testimony that she told appellant to stop contacting her and the emails submitted into evidence — that would still support appellant's conviction. Thus, appellant's third assignment of error is overruled.

## D. Manifest Weight of the Evidence

{¶ 23} In her fourth assignment of error, appellant argues that her convictions were against the manifest weight of the evidence. Specifically, she

contends that her conviction was based upon "paltry evidence, a critical misstatement by the trial court[,] and a significant evidentiary error in admitting improper testimony regarding the content of a text message."

{¶ 24} When reviewing a manifest weight challenge, an appellate court, "'weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Virostek*, 8th Dist. Cuyahoga No. 110592, 2022-Ohio-1397, ¶ 54, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). A reversal on the basis that a verdict is against the manifest weight of the evidence is granted "'only in the exceptional case in which the evidence weighs heavily against the conviction.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), quoting *Martin* at 175.

{¶ 25} As this court has previously stated:

> The criminal manifest weight of-the-evidence standard addresses the evidence's effect of inducing belief. *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 25, citing *Thompkins*, 78 Ohio St.3d at 386, 678 N.E.2d 541 (1997). Under the manifest weight-of-the-evidence standard, a reviewing court must ask the following question: whose evidence is more persuasive — the state's or the defendant's? *Wilson* at *id*. Although there may be legally sufficient evidence to support a judgment, it may nevertheless be against the manifest weight of the evidence. *Thompkins* at 387; *State v. Johnson*, 88 Ohio St.3d 95, 2000-Ohio-276, 723 N.E.2d 1054 (2000).
>
> When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the manifest weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the fact

finder's resolution of the conflicting testimony. *Wilson* at *id.*, quoting *Thompkins* at *id*.

*State v. Williams*, 8th Dist. Cuyahoga No. 108275, 2020-Ohio-269, ¶ 86-87.

{¶ 26} In its role as the "thirteenth juror," an appellate court must review the entire record, weigh the direct and circumstantial evidence and all reasonable inferences drawn therefrom, and consider the credibility of the witnesses to determine "'whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Thompkins* at 387, quoting *Martin*.

{¶ 27} In the instant matter, Sitler testified as to the timeline of messages from and to appellant, including ones where Sitler told appellant to stop contacting her. Two emails from appellant, dated August 19 and August 29, 2022, were admitted into evidence, one of which was signed by appellant.

{¶ 28} We cannot find that this is the exceptional case where the trier of fact clearly lost its way and created such a manifest miscarriage of justice that appellant's conviction must be reversed. Appellant's fourth assignment of error is overruled.

### E. Criminal Complaint

{¶ 29} In her fifth assignment of error, appellant argues the trial court plainly erred when it treated the criminal complaint as charging two offenses in a single statement rather than being divided into separate counts. Appellant contends that the single complaint utilized the language of two separate telecommunications offenses, to wit: (1) sending communications after being told not to do so; and (2)

sending harassing communications. She contends that because the case was tried as a two-count case, the jury was able to "split the baby" and heard testimony regarding the victim's emotional suffering that it would not have heard if the case had been a one-count case. She asserts this must have provoked sympathy by the jury.

{¶ 30} Crim.R. 12(C)(2) provides that "[d]efenses and objections based on defects in the indictment, information, or complaint" must be raised before trial. The failure to raise these issues before trial results in a waiver of these defenses or objections. Crim.R. 12(H).

{¶ 31} Similarly, R.C. 2941.29 provides:

No indictment or information shall be quashed, set aside, or dismissed, * * * nor shall any conviction be set aside or reversed on account of any defect in form or substance of the indictment or information, unless the objection to such indictment or information, specifically stating the defect claimed, is made prior to the commencement of the trial, or at such time thereafter as the court permits.

{¶ 32} Therefore, the failure to raise any objections based on defects in the indictment prior to trial results in a waiver of these defenses or objections. *See State v. Horner*, 126 Ohio St.3d 466, 2010-Ohio-3830, 935 N.E.2d 26, ¶ 46, citing Crim.R. 12(C)(2); *State v. Mitchell*, 8th Dist. Cuyahoga No. 88977, 2007-Ohio-6190, ¶ 44-45.

{¶ 33} There are certain exceptions, however, to this waiver. Crim.R. 12 provides for two such exceptions: (1) the indictment fails to show jurisdiction in the court, and (2) the indictment fails to charge an offense. Crim.R. 12(C)(2). These

objections "shall be noticed by the court at any time during the pendency of the proceeding." *See* Crim.R. 12. In this case, neither exception applies because there were no issues with the trial court's jurisdiction or with the offenses charged within the indictment.

{¶ 34} Because appellant did not move to dismiss the indictment and instead chose to go to trial on the charges, she has waived all but plain error. "An error does not constitute plain error unless, but for the error, the outcome of the trial clearly would have been otherwise." *State v. Hill*, 8th Dist. Cuyahoga No. 95379, 2011-Ohio-2523, ¶ 9.

{¶ 35} In the instant matter, appellant is correct that the criminal complaint does not clearly set forth two separate counts. The complaint simply states both subsections that it alleged appellant had violated. However, at trial, the criminal complaint was always treated as though it had stated two separate counts. The trial court instructed the jury on two separate counts. The jury was specifically instructed to consider each count separately and arrive at two separate verdicts.

{¶ 36} Appellant appears to be making a joinder argument, arguing that hearing the testimony regarding the second count impacted the jury's thinking when deciding the first count. However, appellant's brief did not present any argument or authority in support of a joinder argument, and we decline to craft an argument for her.

{¶ 37} The jury returned a guilty verdict on the first count but was unable to reach a verdict on the second, which was subsequently nolled by the state. Thus,

appellant was found guilty of one count, and as discussed above, this conviction was supported by competent credible evidence. Appellant has not demonstrated how she was prejudiced by the wording of the complaint, and her fifth assignment of error is overruled.

## F. Ineffective Assistance of Counsel

{¶ 38} In her sixth assignment of error, appellant argues that her counsel was ineffective by failing to object to the court's misstatement of the date of the offense and by failing to challenge the complaint charging appellant with two offenses in a single count.

{¶ 39} In order to establish ineffective assistance of counsel, a defendant must demonstrate that (1) counsel's performance was deficient and fell below an objective standard of reasonableness and (2) that, but for counsel's unprofessional errors, there is a reasonable probability that the result of the trial would have been different. *State v. Jenkins*, 2018-Ohio-483, 106 N.E.3d 216, ¶ 28 (8th Dist.), citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant must satisfy both prongs of the test in order to prove ineffective assistance of counsel. *State v. Harris*, 8th Dist. Cuyahoga No. 109083, 2020-Ohio-4138, ¶ 28, citing *Strickland* at 687.

{¶ 40} Under Ohio law, "every properly licensed attorney is presumed to be competent." *State v. Knight*, 8th Dist. Cuyahoga No. 109302, 2021-Ohio-3674, ¶ 47, citing *State v. Black*, 2019-Ohio-4977, 149 N.E.3d 1132, ¶ 35 (8th Dist.), citing *State v. Smith*, 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985). Therefore, when

"evaluating counsel's performance on a claim of ineffective assistance counsel, the court must give great deference to counsel's performance and 'indulge a strong presumption' that counsel's performance 'falls within the wide range of reasonable professional assistance.'" *Id.*, quoting *Strickland* at 689.

{¶ 41} With regard to appellant's failure to object to the trial court's misstatement of the date of the offense, we have already determined that this did not constitute error. In addition, we also determined that appellant has not shown any error in the criminal complaint. Appellant has not demonstrated that her counsel was ineffective or that she was prejudiced by counsel's failure to object. Appellant's sixth assignment of error is overruled.

### III. Conclusion

{¶ 42} All of appellant's assignments of error are overruled. The trial court did not err in misstating the date of the offense, treating the criminal complaint as charging two offenses, or admitting testimony from the victim regarding the content of text messages. Appellant's conviction was supported by sufficient evidence and not against the manifest weight of the evidence. Finally, appellant did not receive ineffective assistance of counsel.

{¶ 43} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution. The defendant's conviction

having been affirmed, any bail pending appeal is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

FRANK DANIEL CELEBREZZE, III, JUDGE

MARY EILEEN KILBANE, P.J., and
LISA B. FORBES, J., CONCUR