[Cite as *Perozeni v. Perozeni*, 2026-Ohio-185.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

ALICIA PEROZENI,                         :

    Plaintiff-Appellee,         :

                        No. 114960

    v.                                     :

RENE PEROZENI,                           :

    Defendant-Appellant.        :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** January 22, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-20-383044

---

### *Appearances:*

The Law Offices of LeeDaun C. Williams, LLC, and
LeeDaun C. Williams, *for appellee.*

Kenneth R. Hurley, *for appellant.*

EMANUELLA D. GROVES, P.J.:

{¶ 1} Defendant-appellant Rene Perozeni ("Husband") appeals the Cuyahoga County Common Pleas Court Domestic Relations Division's (the "trial court") judgment in this divorce action. For the reasons that follow, we affirm the

decision of the trial court and remand for the trial court to correct a clerical error in the final divorce decree.

**Procedural and Factual History**

{¶ 2} Husband and Alicia Perozeni ("Wife") were married on September 22, 2007. Wife filed a complaint for divorce in October 2020, and Husband filed an answer in November 2020. The couple had two minor children at the time of the divorce.

{¶ 3} In December 2021, Husband filed a notice of bankruptcy and a motion to stay the proceedings, which the trial court granted. In the interim, the parties participated in mediation and the trial court issued a temporary order for child support and medical expenses not covered by insurance to be paid by Husband to Wife. In May 2022, Husband filed a notice of discharge of bankruptcy.

{¶ 4} In June 2022, Wife filed a motion to sell the marital residence and a motion for attorney fees and litigation expenses. Husband filed a brief in opposition to Wife's motion to sell the marital residence. The trial court granted Wife's motion. Husband moved to vacate the order, which the trial court denied. Husband appealed that decision. This court affirmed the trial court's order in *Perozeni v. Perozeni*, 2023-Ohio-1140 (8th Dist.). In June 2022, the trial court ordered both parties to provide an accounting of any funds received from the couples' home equity line of credit ("HELOC") attached to the marital residence.

{¶ 5} In August 2022, Wife filed a motion to show cause for nonpayment of temporary support. Wife filed a subsequent motion to show cause for nonpayment

of support and a motion to modify temporary support in March 2023. Also, in March 2023, Wife filed a motion to show cause for Husband's failure to provide an accounting of funds withdrawn from the HELOC.

{¶ 6} In December 2023, a magistrate conducted a trial in this matter. At the beginning of the proceeding, the parties presented stipulations to the magistrate. Relevant to this appeal, the trial addressed the complaint and answer, Wife's motion for attorney fees, the two motions to show cause for nonpayment of temporary support, the motion to modify temporary support, and the motion to show cause for failure to comply with the court's order regarding the HELOC. During the course of the trial, Husband sought to introduce evidence that Wife had originally stipulated that the marital property was separate property, but later withdrew the stipulation. The magistrate refused to allow Husband to address the withdrawn stipulation.

{¶ 7} After hearing the testimony at trial, the magistrate issued a ruling. The magistrate found that the marital residence was wholly marital property, renewed the order to sell the marital property, and found that each party was entitled to half of the proceeds after payment of the mortgage. Additionally, the magistrate determined that $40,000 that Husband withdrew from the HELOC was wholly his responsibility and Wife was entitled to an additional $40,000 from the sale of the marital residence. The magistrate further found that Husband was solely responsible for a tax lien on the property incurred after Wife left the marital residence. The magistrate partially granted Wife's motion for attorney fees, awarding $20,000 instead of the requested $40,000; granted Wife's motion to show

cause for nonpayment of temporary support, which Husband could purge by paying Wife $2,543.90; and granted her motion to modify the temporary child support order effective March 15, 2023.

{¶ 8} Both parties filed objections to the magistrate's decision and provided a transcript for the trial court. Husband argued that the magistrate erred by: (1) declaring the marital home wholly marital property; (2) increasing the amount of temporary support and making it retroactive from March 2023; (3) holding him in contempt of court for failure to pay temporary support; (4) declaring Husband solely responsible for the past due real estate taxes; (5) ordering Husband to pay to Wife an additional $40,000 from the proceeds of the sale of the marital home; (6) imposing attorney fees; and (7) making Husband the obligor for the children's health care. Wife's objections raised 18 issues, including the failure to divide taxes owed during the marriage that were assessed solely in Wife's name.

{¶ 9} The trial court issued a journal entry overruling all but one of Husband's objections. The trial court found that the evidence did not establish whether Husband had health insurance available to him but did establish that Wife had private health insurance at a reasonable cost. Because of this, the trial court ordered Wife to be designated as the health insurance obligor for the parties' minor children rather than Husband. Additionally, the trial court overruled all but one of Wife's objections, finding that the magistrate failed to address an error in the couple's 2021 tax returns that led to Wife owing federal taxes. The trial court found that the debt should be split between the parties and determined that Husband's

share was $2,512.17. Aside from these findings, the trial court adopted the magistrate's decision in its entirety.

{¶ 10} As it relates to Wife's designation as the health insurance obligor, the decision states, in pertinent part:

> Plaintiff [Wife] is hereby designated as the health insurance obligor, and shall secure and maintain private health insurance for the children and shall hereafter be referred to as the health insurance obligor until further order of Court for the following reasons: the *child support obligor* already has health insurance coverage available for the children that is reasonable in cost.

(Emphasis added.)

{¶ 11} However, the trial court designated Husband as the child support obligor and found no evidence that addressed Husband having a health insurance policy.

{¶ 12} Husband appeals from this decision, assigning the following errors for our review.

### Assignment of Error No. 1

The trial court erred in its conclusion that the marital home was entirely marital property when the evidence showed that the land upon which it was built was owned by [Husband] prior to the marriage. That finding and order was an error of law and an abuse of discretion.

### Assignment of Error No. 2

The trial court erred in awarding [Wife] an increase in temporary support effective as of March 15, 2023. That award was an error of law and an abuse of discretion.

## Assignment of Error No. 3

The trial court erred in finding [Husband] in contempt for failure to pay funds in accordance with the temporary support order. That finding and resultant orders were an error of law and abuse of discretion.

## Assignment of Error No. 4

The trial court erred in ordering [Husband] to pay all of the parties' past due real estate taxes on the marital home in the approximate amount of $27,475.96. Said order was an error of law and an abuse of discretion.

## Assignment of Error No. 5

The trial court's finding that [Husband] failed to account for $40,000 based upon an allegation that he took said sum from the parties' credit line is an error of law and an abuse of discretion. The resulting order that he repay said sum to [Wife] from his share of anticipated sales proceeds is an abuse of discretion and an error of law.

## Assignment of Error No. 6

The trial court's finding and order that [Husband] should pay $20,000 of [Wife's] attorney fees is an error of law and an abuse of discretion.

## Assignment of Error No. 7

The Magistrate's finding and order that [Husband] should pay 100 percent of the children's health insurance costs is an abuse of discretion and an error of law.

## Law and Analysis

## Briefing Requirements

{¶ 13} Preliminarily, we note that Wife argues that this court should disregard Husband's assignments of error because he failed to cite relevant case law in support of his arguments. Wife's argument has merit.

**{¶ 14}** Husband's brief does not comport with the appellate rules in that he did not include a list of issues presented for review with reference to the assignments of error they address, did not include a statement of facts with citations to the record, and, with the exception of one citation, did not support his arguments in any of the assignments of error with citations to relevant case law. App.R. 12(A)(2); 16(A)(4), (6), and (7). "An appellant is required to support its assignment of error with citation to legal authority."[1] *Jabr v. Burger King*, 2022-Ohio-773, ¶ 11 (10th Dist.), citing *State v. Hubbard*, 2013-Ohio-2735, ¶ 34 (10th Dist.), citing App.R. 16(A)(7) and 12(A)(2).

> "It is the duty of the appellant, not this [C]ourt, to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record. It is not the function of this [C]ourt to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." (Internal quotations and citations omitted).

(Brackets in original.) *First Communications, LLC v. Helms*, 2016-Ohio-7586, ¶ 9 (9th Dist.), quoting *Ohio Edison Co. v. Williams*, 2007-Ohio-5028, ¶ 9 (9th Dist.).

**{¶ 15}** Furthermore, a court of appeals may disregard any assigned error that fails to comply with the appellate rules. App.R. 12(A)(2). Nevertheless, we are mindful that to the extent possible it is better for appeals to be decided on the merits. *State v. Harris*, 2020-Ohio-4138, ¶ 12 (8th Dist.).

---

[1] Husband cites to one case in the third assignment of error, but only in a conclusory fashion to support his argument that inability to pay is a defense to a finding of contempt.

{¶ 16} Based on the foregoing, we decline to address Husband's second through sixth assignments of error because they each include conclusory statements that the trial court erred and abused its discretion without citation to any case law to establish the relevant standard of review, the applicable law, or how the trial court's decision contravened the law. While this is also true for the first and seventh assignments of error, Husband's brief is adequate enough for this court to address his claims. Accordingly, we confine our review to Husband's first and seventh assignments of error.

**Designation of Marital versus Separate Property**

{¶ 17} In the first assignment of error, Husband argues that the trial court erred when it found that the marital residence was wholly marital property, rejecting Husband's argument that he held a separate property interest in the marital residence.

**Standard of Review for Trial Court's Adoption of Magistrate's Decision**

{¶ 18} When a trial court reviews a magistrate's decision, it does so de novo, and thus "'must conduct an independent review of the facts and conclusions made by the magistrate.'" *Lichtenstein v. Lichtenstein*, 2020-Ohio-5080, ¶ 13 (8th Dist.), quoting *Haupt v. Haupt*, 2017-Ohio-2719, ¶ 26 (11th Dist.), citing *Phillips v. Phillips*, 2014-Ohio-5439, ¶ 26 (5th Dist.). In contrast, an appellate court generally reviews a trial court's ruling on the magistrate's decision for an abuse of discretion. *Glendell-Grant v. Grant*, 2018-Ohio-1094, ¶ 8 (8th Dist.), citing *Butcher v. Butcher*, 2011-Ohio-2550, ¶ 7 (8th Dist.). Accordingly, we will only reverse the trial court's decision

if it is "unreasonable, arbitrary, or unconscionable." *Id.,* citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**Division of Property**

{¶ 19} There are several considerations in reviewing a trial court's division of property. Preliminarily, the trial court must determine what constitutes marital property and what constitutes separate property before distributing property in a divorce proceeding. *Herrera v. Phil Wha Chung*, 2021-Ohio-1728, ¶ 37 (8th Dist.), citing *Comella v. Comella*, 2008-Ohio-6673, ¶ 38 (8th Dist.), citing R.C. 3105.171(B). The determination of whether property is marital or separate is a mixed question of law and fact and is reviewed under the manifest-weight-of-the-evidence standard. *Kobal v. Kobal*, 2018-Ohio-1755, ¶ 27 (8th Dist.).

{¶ 20} A court examining the manifest weight of the evidence "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997).

{¶ 21} R.C. 3105.171 governs the division of property. *Lichtenstein*, 2020-Ohio-5080, at ¶ 20 (8th Dist.). "Marital property" means, generally, property owned by the parties together or separately that was acquired by either or both spouses during the marriage. R.C. 3105.171(A)(3)(a). "Marital property" does not include "separate property." R.C. 3105.171(A)(3)(b). "'Property that is acquired during the

marriage is presumed to be marital property unless it can be shown to be separate.'" *Lichtenstein* at ¶ 21, quoting *Ockunzzi v. Ockunzzi*, 2006-Ohio-5741, ¶ 17 (8th Dist.). Furthermore, "'[t]he party seeking to have a particular asset classified as separate property has the burden of proof, by a preponderance of the evidence, to trace the asset to separate property.'" *Parker v. Parker*, 2017-Ohio-78, ¶ 4 (9th Dist.), quoting *Fetzer v. Fetzer*, 2014-Ohio-747, ¶ 24 (9th Dist.), quoting *Eikenberry v. Eikenberry*, 2010-Ohio-2944, ¶ 19 (9th Dist.).

{¶ 22} The standard is different, however, when the property is a gift. *Combs v. Combs*, 2019-Ohio-3685, ¶ 6 (2d Dist.). "Separate property" includes "[a]ny gift of any real or personal property or of an interest in real or personal property that is made after the date of the marriage and that is proven by clear and convincing evidence to have been given to only one spouse." R.C. 3105.171(A)(6)(a)(vii). "'Clear and convincing evidence is that measure or degree of proof, which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established.'" *Lichtenstein* at ¶ 28 (8th Dist.), quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. In order to establish that a gift is separate property, the party claiming it must show that the property was "'given with the intent to provide a benefit to only one of the spouses.'" *Chahdi v. Elhassan*, 2019-Ohio-4472, ¶ 26 (10th Dist.), quoting *Lindsey v. Lindsey*, 2016-Ohio-4642, ¶ 15 (10th Dist.).

{¶ 23} Once the trial court determines what constitutes marital versus separate property, the court must equally divide the property; however, "'if an equal division of property is inequitable, the court must divide the marital property equitably.'" *Herrera*, 2021-Ohio-1728, at ¶ 36 (8th Dist.), quoting *Neville v. Neville*, 2003-Ohio-3624, ¶ 5, citing R.C. 3105.171(C)(1). We review the trial court's division of marital property for an abuse of discretion. *Id.*, citing *Booth v. Booth*, 44 Ohio St.3d 142, 144 (1989).

{¶ 24} In the instant case, Husband's family business acquired the land where the parties built the marital residence prior to the marriage. In 1995, the property was transferred to Husband. The deed established that the transfer was made for "valuable consideration shown." Husband testified that he did not remember purchasing the property, but that he did pay something for the property at some point, though he was unsure when. Husband transferred the property to his brother in 2002. Three months after the wedding in 2007, his brother transferred the property back to Husband.

{¶ 25} Husband claims that the transfer from his brother was a gift and therefore, he has a separate property interest in the marital residence. Thus, he argues that the trial court erred when it found the marital residence was wholly marital property.

{¶ 26} The only evidence presented at trial that the transfer was a gift was Husband's testimony. Wife did not know the nature of the transfer. She testified that she only agreed to stipulate that the land was separate property because she did

not know when the transfer took place. Once she learned that it occurred after the wedding, she withdrew the stipulation. Furthermore, Husband testified that he paid consideration for the property at some point. Even if Husband had been permitted to cross-examine Wife regarding the stipulation or proffer the withdrawn stipulation, it would not have established the property was a gift by clear and convincing evidence. Furthermore, the fact that Husband paid some consideration for the property conflicts with his testimony that his brother's transfer was a gift. Based on the foregoing, Husband failed to present clear and convincing evidence that he received the land as a gift and it was solely for his benefit. Accordingly, the trial court's finding that the marital home was marital property was supported by the greater weight of the evidence and the court did not abuse its discretion.

## Designation of the Health Insurance Obligor

{¶ 27} In the seventh assignment of error, Husband argues that the trial court erred when it designated him the health insurance obligor for the children. Wife concedes that the trial court erred in this regard.

{¶ 28} The record reflects that the magistrate found that Husband should be the health insurance obligor. Husband then objected to that finding. The trial court, during its independent review of the magistrate's decision, sustained Husband's objection, finding that Wife had private health care insurance and should be the health insurance obligor. In its separate opinion establishing the divorce decree, the trial court explicitly designated Wife as the health insurance obligor, but included language that placed responsibility on the child support obligor, i.e., Husband.

{¶ 29} A trial court may correct clerical errors in its journal entry at any time. *State v. Wilson*, 2016-Ohio-379, ¶ 3 (8th Dist.), citing *State v. Steinke*, 2003-Ohio-3527, ¶ 47 (8th Dist.). "The trial courts retain continuing jurisdiction to correct these clerical errors in judgments with a nunc pro tunc entry to reflect what the court actually decided." *Id.,* citing *State ex rel. Cruzado v. Zaleski*, 2006-Ohio-5795, ¶ 18-19. The trial court clearly intended to designate Wife as the health insurance obligor, in both of its orders. However, by including the term "child support obligor" the entry is inconsistent with that finding. Accordingly, we sustain Husband's seventh assignment of error.

{¶ 30} Judgment affirmed, and case remanded for the trial court to issue a nunc pro tunc entry reflecting the fact that the trial court sustained Husband's objection to his designation as the health insurance obligor and to reflect that Wife is the health insurance obligor.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, domestic relations division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
WILLIAM A. KLATT, J.,* CONCUR

(*Sitting by assignment:  William A. Klatt, J., retired, of the Tenth District Court of Appeals.)